IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **GRADY O. HUMPHREYS, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) CV NO.: 2:07-CV-607-WKW |
| **A.O. SMITH ELECTRICAL PRODUCTS CO., et al.,** | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
EATON ELECTRICAL, INC. AND
EATON CORPORATION TO PLAINTIFFS' COMPLAINT**

Defendants Eaton Electrical, Inc., referenced in the Complaint as "Cutler Hammer, currently referred to as Eaton Electrical, Inc.," and Eaton Corporation (hereinafter referred to collectively as "Eaton") hereby jointly answer the numbered allegations of Plaintiffs' Complaint (the "Complaint"). Unless expressly admitted herein, Eaton denies the material allegations of the Complaint and demands strict proof thereof. Eaton responds to the separate sections and paragraphs of said Complaint, as follows:

**JURISDICTION**

Eaton states that it is without knowledge or information sufficient to enable it to respond to the allegations contained in the "Jurisdiction" section of the Complaint other than to admit that Eaton is a Delaware corporation with its principal place of business in Wilmington, Delaware. Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

**STATUTE OF LIMITATIONS**

Eaton states that the "Statute of Limitations" section of the Complaint contains a statement of law, a response to which is not required from Eaton. To the extent that a response is

1

deemed required, Eaton denies same. Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

## BACKGROUND FACTS – THE PLAINTIFFS

1-9. Eaton states that it is without knowledge or information sufficient to enable it to respond to the allegations contained in the "Background Facts – The Plaintiffs" section of the Complaint regarding Plaintiffs' alleged employers and therefore denies same. Eaton denies all other allegations in said section of the Complaint and demands strict proof thereof.

## BACKGROUND FACTS – THE DEFENDANTS

10-97. Eaton states that it is without sufficient knowledge or information concerning the allegations in paragraphs 10 through 97 of the section of the Complaint entitled "Background Facts – The Defendants" other than paragraphs 40 and 41. With respect to paragraph 40, Eaton Electrical admits that it is a Delaware corporation. With respect to paragraph 41, Eaton admits that it is a Delaware corporation.

## DEFENDANTS' CONDUCT AND PLAINTIFFS' DECEDENT'S INJURY

98. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

99. Eaton denies the allegations in paragraph 99 of the Complaint.

100. Eaton denies the allegations in paragraph 100 of the Complaint.

101. Eaton denies the allegations in paragraph 101 of the Complaint.

102. Eaton denies the allegations in paragraph 102 of the Complaint and all subparagraphs set forth below said paragraph.

103. Eaton denies the allegations in paragraph 103 of the Complaint.

## COUNT ONE
## (Alabama Extended Manufacturer's Liability Doctrine)

104. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

105. Eaton denies the allegations in paragraph 105 of the Complaint.

106. Eaton denies the allegations in paragraph 106 of the Complaint and all subparagraphs set forth below said paragraph.

107. Eaton denies the allegations in paragraph 107 of the Complaint.

108. Eaton denies the allegations in paragraph 108 of the Complaint.

## COUNT TWO
## (Negligence and Intentional Tort)

109. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

110. Eaton denies the allegations in paragraph 110 of the Complaint.

111. Eaton denies the allegations in paragraph 111 of the Complaint.

112. Eaton denies the allegations in paragraph 112 of the Complaint.

113. Eaton denies the allegations in paragraph 113 of the Complaint.

114. Eaton denies the allegations in paragraph 114 of the Complaint.

115. Eaton denies the allegations in paragraph 115 of the Complaint.

116. Eaton denies the allegations in paragraph 116 of the Complaint.

117. Eaton denies the allegations in paragraph 117 of the Complaint.

118. Eaton denies the allegations in paragraph 118 of the Complaint.

119. Eaton denies the allegations in paragraph 119 of the Complaint.

120. Eaton denies the allegations in paragraph 120 of the Complaint.

121. Eaton denies the allegations in paragraph 121 of the Complaint.

01527054.1

## COUNT THREE
### (Negligence in the Course of Employment)

122. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

123. Eaton denies the allegations in paragraph 123 of the Complaint.

124. Eaton denies the allegations in paragraph 124 of the Complaint.

125. Eaton denies the allegations in paragraph 125 of the Complaint.

126. Eaton denies the allegations in paragraph 126 of the Complaint.

127. Eaton denies the allegations in paragraph 127 of the Complaint.

128. Eaton denies the allegations in paragraph 128 of the Complaint.

## COUNT FOUR
### (Fraudulent Concealment/Misrepresentation/ Alternation of Medical Studies/Conspiracy/ Aiding and Abetting Conspiracy)

129. Eaton denies the allegations in paragraph 129 of the Complaint.

130. Eaton denies the allegations in paragraph 130 of the Complaint.

131. Eaton denies the allegations in paragraph 131 of the Complaint and all subparagraphs set forth below said paragraph.

132. Eaton denies the allegations in paragraph 132 of the Complaint.

133. Eaton denies the allegations in paragraph 133 of the Complaint.

134. Eaton denies the allegations in paragraph 134 of the Complaint.

135. Eaton denies the allegations in paragraph 135 of the Complaint.

136. Eaton denies the allegations in paragraph 136 of the Complaint and all subparagraphs set forth below said paragraph.

137. Eaton denies the allegations in paragraph 137 of the Complaint.

138. Eaton denies the allegations in paragraph 138 of the Complaint.

139. Eaton denies the allegations in paragraph 139 of the Complaint.

140. Eaton denies the allegations in paragraph 140 of the Complaint.

141. Eaton denies the allegations in paragraph 141 of the Complaint.

142. Eaton denies the allegations in paragraph 142 of the Complaint.

143. Eaton denies the allegations in paragraph 143 of the Complaint.

144. Eaton denies the allegations in paragraph 144 of the Complaint.

## COUNT FIVE
### (Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy)

145. Eaton adopts and incorporates herein by reference its responses to the previous paragraphs of the Complaint.

146. Eaton denies the allegations in paragraph 146 of the Complaint.

147. Eaton denies the allegations in paragraph 147 of the Complaint.

148. Eaton denies the allegations in paragraph 148 of the Complaint.

## JURY DEMAND AND AD DAMNUM

Eaton denies the allegations contained in the "Jury Demand And Ad Damnum" section of the Complaint and demands strict proof thereof.

01527054.1

## AFFIRMATIVE DEFENSES

Having answered the individually numbered paragraphs of Plaintiffs' Complaint, Eaton asserts the following affirmative defenses:

### FIRST DEFENSE

The Complaint, and each and every count thereof, fails to state a claim against Eaton upon which relief can be granted.

### SECOND DEFENSE

Eaton is not liable for the matters and things alleged in the Complaint.

### THIRD DEFENSE

Eaton denies the material allegations of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Eaton did not owe any duty to Plaintiffs and Eaton did not breach any duty allegedly owed.

### FIFTH DEFENSE

Plaintiffs' claims against Eaton are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Plaintiffs' claims are barred by Alabama's Twenty Year Rule of Repose.

### SEVENTH DEFENSE

The injuries to Plaintiffs, if any, were caused in whole or in part by the acts or omissions of others for whose conduct Eaton is not responsible and whose conduct Eaton had no reason to anticipate.

### EIGHTH DEFENSE

The injuries to Plaintiffs and/or their decedents, if any, were the result of an intervening, superseding cause over which Eaton had no control.

### NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of Laches, Waiver, Estoppel, Release, Acquiescence, and the Statute of Frauds.

### TENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs assumed the risk.

### ELEVENTH DEFENSE

Eaton is not liable for the things and matters of which Plaintiffs complain because Eaton's alleged negligence, if any, did not proximately cause Plaintiffs' alleged injuries.

### TWELFTH DEFENSE

Plaintiffs' claims are barred by Plaintiffs' own contributory negligence and by the doctrine of unclean hands.

### THIRTEENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs failed to mitigate their damages.

### FOURTEENTH DEFENSE

Eaton made no material representations to Plaintiffs.

### FIFTEENTH DEFENSE

Plaintiffs did not rely on any alleged representation of Eaton.

### SIXTEENTH DEFENSE

Plaintiffs did not reasonably rely on any alleged representation of Eaton.

### SEVENTEENTH DEFENSE

Eaton had no duty to disclose any information to Plaintiffs.

### EIGHTEENTH DEFENSE

Plaintiffs cannot recover damages for alleged mental anguish or emotional distress

7

against Eaton because Plaintiffs cannot allege or prove that the decedents or Plaintiffs sustained a physical injury as a result of Eaton's conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

### NINETEENTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

### TWENTIETH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, if there is no physical manifestation of the alleged mental anguish and because there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Eaton would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### TWENTY-FIRST DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Eaton by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

01527054.1

## TWENTY-SECOND DEFENSE

Eaton is denied due process and equal protection of the law because it is denied defenses available to other defendants in tort cases.

## TWENTY-THIRD DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Eaton in this case.

## TWENTY-FOURTH DEFENSE

The claims made by the Plaintiffs against Eaton are barred by the exclusivity provision of the Worker's Compensation Act, to-wit: ALA. CODE § 25-5-53 (1975).

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open or obvious and there was no duty on the part of Eaton to warn of any such open and obvious condition.

## TWENTY-SIXTH DEFENSE

Eaton is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of Plaintiffs by way of any settlement, judgment or otherwise which were entered into or received by the Plaintiffs from any party or non-party in this action.

## TWENTY-SEVENTH DEFENSE

The injuries to Plaintiffs and/or their decedents were proximately caused by the misuse, abuse, alteration, and/or failure properly to utilize, maintain, or care for Eaton's product by persons other than Eaton.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' product liability causes of action are barred because the benefits of the product

outweighed its risks.

## TWENTY-NINTH DEFENSE

The injuries to Plaintiffs and/or their decedents were directly and proximately caused and contributed to by the actions of other persons, who caused changes and alterations to be made to Eaton's product and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs, and voided any and all alleged warranties, express and/or implied.

## THIRTIETH DEFENSE

Eaton made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs and/or their decedents.  If any such warranties were made, whether express or implied, which Eaton specifically denies, then Plaintiffs failed to give timely notice of any breach thereof.

## THIRTY-FIRST DEFENSE

Eaton provided adequate and complete warnings with the product.

## THIRTY-SECOND DEFENSE

Eaton pleads the Learned Intermediary Doctrine.

## THIRTY-THIRD DEFENSE

Eaton invokes all state of the art defenses applicable to Plaintiffs' claims, including the state of the art applicable to the industry in question.

## THIRTY-FOURTH DEFENSE

Eaton's product was manufactured under conditions and procedures and with materials as used by other reputable manufacturers of such products and complied with the standards of the industry as of the time of manufacture.  Such product was safe for its intended use and was not defective or unreasonably dangerous.

**THIRTY-FIFTH DEFENSE**

Plaintiffs are barred from seeking any remedy herein on the basis that there was no product defect or breach of warranty on the part of Eaton and/or on the basis that Plaintiffs and/or third parties did not comply with the terms of the written limited warranty.

**THIRTY-SIXTH DEFENSE**

To the extent Plaintiffs are alleging a claim under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), Eaton asserts all defenses available to it under that doctrine.

**THIRTY-SEVENTH DEFENSE**

Eaton denies that it is guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

**THIRTY-EIGHTH DEFENSE**

Any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional safeguards provided to Eaton under the Constitution of the State of Alabama.

**THIRTY-NINTH DEFENSE**

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

**FORTIETH DEFENSE**

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

**FORTY-FIRST DEFENSE**

Any claim for punitive damages, on it face and/or as applied in this case, is in violation of the *Fifth Amendment of the Constitution of the United States;* of the right to counsel provided by the *Sixth Amendment of the Constitution of the United States;* of the right to trial by jury of the *Seventh Amendment of the Constitution of the United States;* of the portionality principles

11

contained in the *Eighth Amendment of the Constitution of the United States;* the due process clause in the *Fourteenth Amendment of the Constitution of the United States;* and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)  There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Eaton has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)  The procedures to be followed would permit an award of punitive damages against Eaton upon the satisfaction of a burden or persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)  The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)  There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against defendants under present Alabama law;

(e)  The standards of conduct upon which punitive damages are sought against Eaton are vague and ambiguous;

(f)  The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notions of what the law should be instead of what it is;

01527054.1

(g) The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion.

(h) Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(i) Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(j) Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(k) Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against defendants;

(l) Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(m) Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(n) An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims, if any, for the recovery of punitive damages are barred by ALA. CODE §§ 6-11-20 to -30 (1975).

01527054.1

**FORTY-THIRD DEFENSE**

ALA. CODE § 6-11-21 (1975) bars Plaintiffs' claims for punitive damages to the extent that those claims exceed three times compensatory damages or the amount to $1,500,000, whichever is greater, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this State. The public policy of this State, as established by ALA. CODE § 6-11-21 (1975), limits the claims for punitive damages in this case. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

**FORTY-FOURTH DEFENSE**

Plaintiffs' claims, if any, for the recovery of punitive damages are barred by ALA. CODE § 6-11-27 (2002).

**FORTY-FIFTH DEFENSE**

Plaintiffs' claims, if any for the recovery of punitive damages are in contravention of Eaton's rights under each of the following constitutional provisions:

(a) Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

(b) the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c) the Due Process Clause of the Fifth and Fourteenth Amendments to the Untied States Constitution;

(d) the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution:

(e) the constitutional prohibition against vague and overbroad laws;

(f) the prohibition against ex post facto law in Article 1, Section 22 of the Alabama Constitution;

(g) the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

(h) the Due Process Clause of Article 1 Section 6 and/or 13 of the Constitution of Alabama.

## FORTY-SIXTH DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of Eaton's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

(a) There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of Eaton's conduct and/or the compensatory damages awarded.

(b) No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c) An award of punitive damages in this case would be penal in nature and thus, would be violative of Eaton's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Eaton is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d) The award of punitive damages on the basis of vicarious liability of the conduct of others violates Eaton's constitutional rights.

## FORTY-SEVENTH DEFENSE

The imposition of punitive damages in this case would be in denial of Eaton's right to

15

01527054.1

equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, defendants are treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

### FORTY-EIGHTH DEFENSE

The imposition of punitive damages in this case would violate Eaton's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### FORTY-NINTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, Eaton specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards, set forth in the United States Supreme Court's decision in *BMW of N. Am. v. Gore,* 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### FIFTIETH DEFENSE

To the extent that Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Eaton, this award contravenes Eaton's right to due process under the due process clause of Article 1, section 13 of the Alabama Constitution. In addition, such award would infringe upon Eaton's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama constitution.

**FIFTY-FIRST DEFENSE**

The procedures pursuant to which punitive damages are awarded subject Eaton to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the Untied States Constitution and Article I § 1 and 6 of the Alabama Constitution.

**FIFTY-SECOND DEFENSE**

The procedures pursuant to which punitive damages are awarded expose Eaton to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on the Eaton's exercise of their right to a judicial resolution of this dispute.

**FIFTY-THIRD DEFENSE**

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S. Ct. 1057, 1063 (2007).

**FIFTY-FOURTH DEFENSE**

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with 'an opportunity to present every available defense.'" *Id.* (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

**FIFTY-FIFTH DEFENSE**

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty victim because such punishment "would add a near standardless dimension to the punitive damages equation." *Id.* Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." *Id.* (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418

17

01527054.1

(2003).

**FIFTY-SIXTH DEFENSE**

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. *Id.* at 1065.

**FIFTY-SEVENTH DEFENSE**

The wrongful death statute in Alabama, as applied by the courts in Alabama, is unconstitutional in that (in contrast to other actions) it authorizes the imposition of punitive damages for negligence without requiring proof of culpability on the part of the Defendants any greater than the negligence standard; hence, said statute, denies Defendants due process and equal protection of law under the Constitution of Alabama and the United States Constitution.

**FIFTY-EIGHTH DEFENSE**

The wrongful death statute, as applied by Alabama courts, is unconstitutional to the extent that it authorizes the imposition of punitive damages in a claim without requiring the proof or level of culpability required in other cases. Hence, the wrongful death statute, as applied, denies the Defendants due process of law under the Constitution of Alabama and the United States Constitution.

**FIFTY-NINTH DEFENSE**

The wrongful death statute in Alabama, as applied by Alabama courts, is unconstitutional in that it authorizes the imposition of punitive damages without proof of any threshold requirement of culpability or upon only a showing of negligence; whereas, in personal injury cases, under the law of Alabama, punitive damages cannot be awarded without proof by clear and convincing evidence that the Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to the Plaintiffs; therefore, the wrongful death statute in

18

Alabama, as applied, denies the Defendants due process and equal protection of the law under the Constitution of the United States and the Alabama Constitution.

### SIXTIETH DEFENSE

Under the wrongful death statute of Alabama, as applied by the courts of Alabama, the Plaintiffs acts as a representative of the Legislature or the State in maintaining a wrongful death action; thus, a suit under the wrongful death statute of Alabama constitutes state action, and the imposition of punitive damages under the wrongful death statute of Alabama, as applied, which requires no proof of any threshold level of wrongful conduct constitutes the imposition of excessive fines, and denies Defendants the protection of the prohibition against excessive fines guaranteed under the United States Constitution.

### SIXTY-FIRST DEFENSE

Eaton reserves the right to assert other defenses and claims when and if it becomes appropriate during this civil action

        /s E. Bryan Nichols
John A. Smyth, III, SMY008
E. Bryan Nichols, NIC036
T. DeLawrence, DEL023

Attorneys for Defendants
EATON ELECTRICAL, INC. and
EATON CORPORATION

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Phone: 205-254-1000

01527054.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served upon the following listed person(s) by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 9th day of August, 2007.

G. Patterson Keahey, Jr., Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza
Suite 612
Birmingham, AL 35209

* All other parties will be served electronically.

                                        /s E. Bryan Nichols
                                        OF COUNSEL

01527054.1