IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

GRADY O. HUMPHREYS, et al., )
          )
    Plaintiffs, )
          )
v.          )   CASE NO.: CV07-607-WKW
          )
HONEYWELL, et al., )
          )
    Defendants. )

## HONEYWELL INC.'S
## MOTION TO DISMISS

Defendant, Honeywell Inc. ("Honeywell") moves this Court for an order dismissing the plaintiffs' complaint, or alternatively, requires the plaintiffs to provide a more definite statement of their claims. Additionally, an order of severance is requested. In support of this Motion, Honeywell submits the following:

1. Plaintiffs' claims are due to be dismissed for failure to comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure. Defendant Honeywell adopts and incorporates herein by reference the arguments as more fully set forth in the Motions to Dismiss filed by Defendant Kelly-Moore and Defendant Warren Pumps.

924522.1

2. Plaintiffs' claims are due to be dismissed because they fail to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Defendant Honeywell adopts and incorporates herein by reference the arguments as more fully set forth in the Motions to Dismiss filed by Defendant Kelly-Moore and Defendant Warren Pumps.

3. Plaintiffs' complaint fails to adequately comply with the Federal Rules of Civil Procedure and is essentially a "shotgun" pleading. As a result, the complaint should be dismissed and/or a more definite Complaint ordered. Defendant Honeywell adopts and incorporates by reference the arguments more fully set forth in the Motions to Dismiss filed by Defendant Kelly-Moore and Defendant Warren Pumps.

4. Some or all of the plaintiffs are improperly joined. Honeywell adopts and incorporates by reference the arguments more fully set forth in the Motions to Dismiss filed by Defendant Kelly-Moore and Defendant Warren Pumps.

5. Venue in this Court is improper. The plaintiffs' residences and their worksites as identified in the Complaint are as follows:

- Grady Humphreys resides in Hueytown, Alabama, and employed at various worksites in the Birmingham area. Neither Humphreys' residence nor his worksites are in the Middle District of Alabama.

- Bobby Essary resides in Elrod, Alabama with worksites in the Tuscaloosa, Alabama area. Both Essary's residence and worksites are not within the Middle District of Alabama.

- Billy Ray Gann resides in Belmont, Mississippi with worksites in Red Bay, Alabama and various Mississippi locations. Neither Gann's residence nor worksites are in the Middle District of Alabama.

- Gene Hall resides in Red Bay, Alabama and the worksites of her decedent Kathy Ivey are in Mississippi. Neither Hall's residence nor Ivey's worksites are within the Middle District of Alabama.

- Jimmy C. Johnson resides in Tuscaloosa, Alabama and his worksites were in Arizona, Illinois, and several locations in North Alabama. Neither Johnson's residence nor his worksites are within the Middle District of Alabama.

- Shirley Keller's residence is in Ohatchee, Alabama. Her decedent's worksites are in Wellington, Anniston, and Lincoln, Alabama. Neither her residence nor her decedent's worksites are within the Middle District of Alabama.

- Billy Lawson resides in Florence, Alabama. His decedent, Dessie Lawson, has worksites in Florence and Sheffield, Alabama. Neither Lawson's residence nor his worksites are within the Middle District of Alabama.

- Hubert Varnon resides in Glencoe, Alabama. His worksites were in Georgia, Texas, and South Carolina. Neither his residence nor his worksites are within the Middle District of Alabama.

- Linda Jane Perry resides in Decatur, Alabama. Her decedent, Billy R. Wells, worked in Decatur, Alabama. Decatur is not located within the Middle District of Alabama.

6. Honeywell asserts that Plaintiffs' Complaint fails to set forth causes of action upon which relief may be granted.

7. Honeywell asserts that some or all of the plaintiffs' claims are barred by the statute of limitations. In support of this assertion, Honeywell adopts and incorporates by reference the arguments set forth in the Motions to Dismiss filed by Defendant Kelly-Moore and Defendant Warren Pumps.

8. Honeywell asserts that this Court lacks personal jurisdiction.

9. Honeywell asserts that this Court lacks subject matter jurisdiction.

10. Honeywell asserts insufficiency of process.

11. Honeywell asserts insufficiency of service of process.

12. Honeywell asserts that Plaintiffs' Complaint is barred by *res judicata.*

13. Honeywell asserts any and all affirmative defenses and arguments asserted by other named defendants, as if more fully set forth herein.

/s S. Allen Baker, Jr.
S. Allen Baker, Jr.
Bar Number: ASB-5990-E68S
Jenelle R. Evans
Bar Number: ASB-2403-A35J
Attorneys for Defendant, Honeywell Inc.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 251-8100
E-mail: jevans@balch.com
E-mail: abaker@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel who are CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to non-CM/ECF participants.

        Respectfully submitted,
        /s S. Allen Baker, Jr.
        S. Allen Baker, Jr.
        Bar Number:  ASB-5990-E68S
        Jenelle R. Evans
        Bar Number:  ASB-2403-A35J
        Attorney for Defendant, Honeywell Inc.
        BALCH & BINGHAM LLP
        Post Office Box 306
        Birmingham, AL 35201-0306
        Telephone: (205) 251-8100
        Facsimile: (205) 488-5686
        E-mail: jevans@balch.com
        E-mail: abaker@balch.com