IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

GRADY O. HUMPHREYS, ET AL.                                                    PLAINTIFFS

V.                                                   CIVIL ACTION NO.: 2:07-CV-607-WKW

A.O. SMITH ELECTRICAL CORPORATION, ET AL.                     DEFENDANTS

**MOTION TO DISMISS OR ALTERNATIVELY, MOTION FOR SEVERANCE
AND TRANSFER AND/OR FOR MORE DEFINITE STATEMENT**

COME NOW the Defendants, Borg-Warner Corporation, by and through its Successor in Interest, BorgWarner Morse TEC, Inc. ("Borg Warner"), Exteco, Inc. f/k/a Thermo Electric Company, Inc. ("Exteco"), and The Marley-Wylain Company d/b/a Weil-McLain Company, Inc. ("Weil-McLain") by and through the undersigned counsel, and moves this Court for an Order of Dismissal pursuant to Rules 12(b)(3) and (6) of the *Federal Rules of Civil Procedure* for improper venue and failure to state a claim against this Defendant upon which relief can be granted and, alternatively, for severance and transfer of improperly joined claims pursuant to Rules 20 and 21 of the *Federal Rules of Civil Procedure*; and, in the alternative, for an Order, pursuant to Rule 12(e), directing the Plaintiffs to re-plead the vague and ambiguous allegations asserted in the Complaint to comply with Rules 8(a) and 10(b). In support of this motion, Movants show as follows:

1) On or about June 29, 2007, 9 <u>separate and distinct</u> Plaintiffs, living and deceased, through alleged "personal representatives", who reside or resided in two different states filed this lawsuit against these defendants. Contained in the Complaint are alleged claims of various medical conditions, including lung cancer, asbestosis, and unidentified cancer as a result of unsubstantiated claims of exposure to asbestos containing products over a 55 year

period. Moreover, there are more than 35 separate and distinct alleged employers alleged worksites in the United States and abroad where the various distinct plaintiffs were allegedly exposed to asbestos containing products.

    2) Attached as Exhibit "A" is a chart outlining the particulars, vague and ambiguous as they may be, of each claim set forth against these Defendants. Apparent from this chart are that each of these claims are separate and distinct and are improperly joined in this Court and should, at the very least, be severed from each other and transferred to their appropriate venues, if not dismissed outright.

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

    3) Movants are generally and broadly identified by the Plaintiffs as a "Producer Defendant" and are generally and without any specificity claimed to have manufactured brake and clutch linings (Borg-Warner), electrical wire (Exteco), and boiler and fuel oil heaters (Weil-McClain) that "have been identified at plaintiffs workplace, during his employment years there . . . ." (Complaint ¶¶12, 28, 43 & 83). No specific allegations are made against Movants, but rather general conclusory statements. Plaintiffs' Complaint does not provide a short and plain statement of the claim as to the Movants as is required by Rule 8 of the *Federal Rules of Civil Procedure*. Additionally, Plaintiffs' general and indirect allegations of fraud (misrepresentation and concealment in Count 4) against Movants are not pled with specificity as required by Rule 9 of the *Federal Rules of Civil Procedure*. Indeed, Plaintiffs' Complaint fails to set forth facts sufficient for Movants to even frame a proper defense, leaving Movants to guess what, if anything, it of them have done to injure Plaintiffs, and when, where, and how.

Finally, Movants respectfully note that certain of the Plaintiffs[1] have failed to allege standing to pursue claims in this action. Specifically, Rule 17 of the *Federal Rules of Civil Procedure* allows an executor or administrator of the estate of a deceased person to pursue an action on behalf of that person's estate. From the face of the Complaint, it appears that certain Plaintiffs propose to act in both their individual capacities as well as on behalf of a decedent. However, the Complaint fails to properly allege standing or capacity on the part of any Plaintiff seeking relief on behalf of a decedent's estate. Ala. Code § 6-5-410 (1975) requires that all wrongful death actions be filed by the "personal representative" of the deceased within two years of his/her death. In order to act as a personal representative one must have been appointed such by the applicable probate court that has jurisdiction of the estate of the deceased. If each personal representative did not have an order of appointment and did not file suit as such duly authorized personal representative within two years of the date of the death of the pertinent deceased, their claims are barred by Ala. Code §6-5-410(1975). See, e.g., *Buck v. City of Rainsville*, 572 So.2d 419, 424 (Ala. 1990). It is impossible to ascertain from a reading of the Complaint whether any of the Plaintiffs who are seeking to recover on behalf of an estate have complied with the statute.

Finally, in Count Five of their Complaint, Plaintiffs rely upon 42 U.S.C. § 9658 with regard to important statute of limitations issues. However, this reliance on this federal statute is apparently misplaced to the extent that any Plaintiffs' alleged exposure occurred indoors; on the face of the Complaint, it is unclear whether Plaintiffs' are alleging exposure indoors or outdoors in the environment, as contemplated by 42 U.S.C. § 9658. Decisional authority from other federal courts and agreed with by the Alabama Supreme Court find that only exposures outdoors are impacted by the cited statute. See *Chestang, Jr. v. W.R. Grace, et al.*, 790 So.2d 470 (Ala. 1998)(citing *Becton v. Rhone-Poulenc, Inc.*, 706 So.2d

---

[1] Jean Hall, Shirley Keller, Billy Lawson, and Linda Jane Perry Wells

1134 (Ala. 1997)(relying on *Covalt v. Carey-Canada, Inc.,* 860 F. 2d 1434 (7th Cir. 1988)).  To the extent that the Plaintiffs rely on 42 U.S.C. § 9658 to modify Alabama's statute of limitations with regard to alleged, unsubstantiated exposure to asbestos containing products indoors, their reliance is inappropriately placed[2].

Accordingly, Plaintiffs' Complaint, on its face, fails to state a cause of action for which any Plaintiff may obtain relief from Movants and as such, is due to be dismissed for failure to state a valid claim for which relief can be granted.  In the alternative, Movants respectfully request this Court enter an Order directing the Plaintiffs to file a more definite statement of their claims, repleading the allegations of their Complaint with more specificity to conform with the dictates of the *Federal Rules of Civil Procedure* outlined herein and other applicable law and to permit Movants to fully and properly defend this matter without being prejudiced.

## IMPROPER VENUE AND IMPROPER JOINDER

28 U.S.C. §1391(a) provides that a civil action based on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  Plaintiffs' Complaint fails to include any venue averment. Furthermore, the Complaint does not demonstrate that venue is proper under any provision of §1391(a)[3].  Plaintiffs do not identify in any meaningful way where the alleged

---

[2] These Defendants strenuously maintain that no plaintiff and/or decedent was harmed in any shape, form, or fashion by any product produced by any of these Defendants regardless of location.

[3] It appears that Plaintiffs may have relied upon §1391(a)(3) to improperly fix venue in the Middle District. This defendant respectfully submits that §1391(a)(2) is the more appropriate venue provision.  As such, these cases should be severed into the separate and distinct actions that they are and transferred to an appropriate federal court district pursuant to §1391(a)(2).

exposures occurred, any aspect of the nature and extent of alleged exposure, or the specific products to which they were allegedly exposed. It is impossible to determine from the Complaint whether venue is proper in this Court. On information and belief, <u>none</u> of the 9 Plaintiffs/Decedents reside or resided in the Middle District of Alabama, and it does not appear that a "substantial part of the events or omissions giving rise to. . ." any of the 9 claims transpired in the Middle District. All the Plaintiffs/Decedents, on information and belief, resided either in the Northern District of the United States District Court for Alabama or in another state's federal court jurisdiction.

Additionally, Rule 20 of the *Federal Rules of Civil Procedure* provides, in pertinent part, that "(a)ll persons may join in one action as Plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Here, Plaintiffs allege, generally, exposure to asbestos and asbestos containing products. However, Plaintiffs wholly and completely fail to allege facts establishing their right to relief arises out of the same transaction(s) or occurrence(s). Instead, Plaintiffs require this defendant, and this Honorable Court, to presume that a common set of facts, or questions of law, forms the basis for their claims. Movants submit that Rule 20 of the *Federal Rules of Civil Procedure* requires more than mere presumptions for two or more Plaintiffs to join in an action for relief. As such, Movants seek severance of the individual claims improperly and prejudicially joined together in the Plaintiffs' Complaint.

In this case, while the Plaintiffs attempt to meet the commonality requirement with their "shotgun" Complaint[4], this is not a case proper for permissive joinder given

---

[4] "Shotgun" complaints are not favored. See generally *United States ex rel. Atkins v. McInteer*, 04-16167 (11th Cir., December 1, 2006); 2006 U.S. App. LEXIS 29507 (n6); *Byrne v. Nezhat*, 261 F. 3d 1075, 1128-34 (11th Cir. 2001); *Magluta v. Samples*, 256 F. 3d 1282,1284 (11th Cir. 2001).

the varying number of alleged employers, worksites, employment periods, exposure periods, diseases, and products that are claimed to have caused the Plaintiffs harm.

Accordingly, the action is due to be dismissed or in the alternative, severed into separate and distinct lawsuits, and each severed lawsuit transferred to an appropriate venue with an Order that Plaintiffs should file a more definite statement in each severed and transferred Complaint complying with all of the pleading requirements of the *Federal Rules of Civil Procedure*. See also *Harold's Auto Parts, Inc. v. Mangialardi*, 899 So.2d 493 (Miss. 2004).

WHEREFORE, Defendants Borg-Warner, Exteco, and Weil-McLain respectfully move this Court to dismiss Plaintiffs' Complaint against it for the reasons set forth herein. Alternatively, Movants respectfully request an Order directing the Plaintiffs to re-plead the allegations of their Complaint to comply with the *Federal Rules of Civil Procedure*. Finally, Borg-Warner, Exteco, and Weil-McLain move in the further alternative for an Order, pursuant to Rule 21 of the *Federal Rules of Civil Procedure*, severing the improperly joined claims of the Plaintiffs as set forth above and for transfer to each claim(s) to its proper venue.

REPSECTFULLY SUBMITTED, this the 13th day of August, 2007.

                                                         BORG-WARNER, BY AND THROUGH ITS SUCCESSOR IN INTERST, BORGWARNER MORSE TEC, INC.

                                                         EXTECO, INC., F/K/A THERMO ELECTRIC CO., INC.

                THE MARLEY-WYLAIN
                COMPANY D/B/A WEIL-MCLAIN
                COMPANY, INC.

                BY    s/ Chadwick L. Shook

OF COUNSEL:

AULTMAN, TYNER, RUFFIN, BELL, & SWETMAN, LTD.
POST OFFICE DRAWER 750
HATTIESBURG, MISSISSIPPI 39403-0750
TELEPHONE:  601-583-2671
FACSIMILE:  601-583-2677
E-MAIL:  CSHOOK@AULTMANTYNER.COM

## **CERTIFICATE OF SERVICE**

    I, Chadwick L. Shook, do hereby certify that I have this 13th day of August, 2007 served a copy of the above and foregoing by electronic means via the CM/ECF system.

                                                      s/ Chadwick L. Shook

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

GRADY O. HUMPHREYS, ET AL.                                           PLAINTIFFS

V.                                              CIVIL ACTION NO.: 2:07-CV-607-WKW

A.O. SMITH ELECTRICAL CORPORATION, ET AL.                            DEFENDANTS

| NAME | STATE OF RESIDENCE | STATUS | ALLEGED DIAGNOSIS | DATE OF ALLEGED DIAGNOSIS/DEATH | WORK SITE(S) | RANGE OF WORK YEARS |
|---|---|---|---|---|---|---|
| Grady O. Humphreys | Alabama (Northern District – Jefferson) | Living | Asbestosis | July 20, 2005 | Hayes Aircraft (Birmingham, AL); Bobby Allison (Hueytown, AL) | 1960-1990 |
| Bobby Essary | Alabama (Northern District – Tuscaloosa) | Living | Asbestosis | September 1, 2005 | Truck driver for Dixie Highway Express, Central Foundry, and Phifer Wire | 1958-2002 |
| Billy Ray Gann | Mississippi | Living | Lung cancer | July 20, 2005 | Amoco Garage(Belmont, MS); Jack Yarber Ford (Belmont, MS); J.M. Page Chevrolet (Red Bay, Alabama); Moore Chevrolet (Fulton, MS); Moore Ind. Shop (Belmont, MS); Falcon Production (Belmont, MS); Sugar Lock Lumber Co. (Belmont, MS); and Belmont Homes (Belmont, MS) | 1956-2002 |
| Kathy Ivey by Jean Hall (personal rep.) | Alabama (Northern District – Franklin) | Deceased | Lung Cancer | July 25, 2005 | Winfield, Manufacturing(Belmont, MS) | 1972-1980 |
| Jimmy C. Johnson | Alabama (Northern District – Colbert) | Living | Lung Cancer | July 1, 2005 | Dell Pixler Drilling(Casa Grande, AZ); Ben Zink (Casa Grande,AZ); Ultramatic Equipment ( IL); TVA (Muscle Shoals, AL); Reynolds Metals (Sheffield, AL) | 1962-1974) |
|  |  |  |  |  |  |  |

| | | | | | | |
|---|---|---|---|---|---|---|
| John Wesley Faulkner by Shirley Keller (personal rep.) | Alabama (Northern District – Calhoun) | Deceased | Lung Cancer | July 4, 2005 | Reid's Lumber Co. (Wellington, AL); M&H Valves(Anniston, AL); Lincoln Metal (Lincoln, AL) | 1963-2000 |
| Dessie Lawson by Billy Lawson (personal rep.)Oberg | Alabama (Northern District – Lauderdale) | Deceased | Lung Cancer | July 4, 2005 | Direct: Sam's Drive Inn (Florence, AL); Milners Drug Store (Florence, AL); ECM Hospital (Florence, AL); Secondary: Union Aluminum Co.; Al Wire Co. (Florence, AL); Knit Kote(Flagg Utica)(Florence, AL); Reynolds Metals (Sheffield, AL) | 1950s-1994 |
| Hubert E. Varnon | Alabama (Northern District – Etowah) | Living | Cancer | September 1, 2005 | TL Kiker Construction (Dalton, GA); U.S. Navy-USS Hornet; Pittsburg Corning (Tyler, TX); Westinghouse(Hampton, SC); Davis Construction (Greenville, SC) | 1950-1981 |
| Billy R. Wells by Linda Jane Perry Wells (personal rep.) | Alabama (Northern District – Morgan) | Deceased | Lung Cancer | July 3, 2005 | Monsanto(Decatur, AL); U.S. Army (Germany and Alabama): Solutia Chemical(Decatur, AL); Marvin Building Supply (Decatur, AL) | 1958-2005 |

EXHIBIT A