# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GRADY O. HUMPHREYS, et al., ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 2-07-CV-607-WKW |
| A.O. SMITH ELECTRICAL ) | |
| PRODUCTS COMPANY, a division ) | |
| of A.O. SMITH CORPORATION, et al., ) | |
| ) | |
|     Defendants. ) | |

## MOTION TO DISMISS

COMES NOW the defendant Brandon Drying Fabrics, Inc., incorrectly identified in the complaint as Brandon Drying Fabrics, Inc., f/k/a Brandon Sales Co., Inc., and moves this Honorable Court for an order of dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the plaintiffs' failure to state a claim against these defendants upon which relief can be granted and for failure to state a short and plain statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure. Further, the Plaintiffs' claims are improperly joined and venue is improper

In support of this motion, the defendant says as follows:

1.    On or about June 29, 2007, the plaintiffs filed a complaint against this defendant and several other defendants (approximately 79 other defendants) claiming injury and wrongful death due to their/decedents' exposure to asbestos.

The complaint does not make any allegations specifically against this defendant other than to say this defendant produced and/or manufactured dryer felts.

2. The complaint states in general terms that the plaintiffs and plaintiffs' decedents suffer from disease or illnesses following exposure to asbestos from products and/or machinery manufactured or sold by the defendants. The complaint generally alleges that such products were defective in their design and marketing. The complaint does not state when, how, or where any of the plaintiffs were exposed to any product manufactured by any of the defendants.

3. The complaint alleges causes of action against all defendants for Alabama Extended Manufacturers Liability Doctrine, Product Liability, Negligence and Intentional Tort and Conspiracy. However, the complaint does provide any information as to why the defendants should be liable to the plaintiffs. The complaint does not state where, how, when or which products the each plaintiff was exposed to. The complaint is due to be dismissed for failure to state a claim against these defendants upon which relief can be granted.

4. The complaint is due to be dismissed because it fails to state a short and plain statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure. The complaint is a shotgun complaint and is due to be dismissed.

5. In <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293 (11th Cir. 2002), the Eleventh Circuit described the problems associated with a shotgun complaint:

> FN9. This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings ... impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice.") (internal citation omitted); Magluta v. Samples, 256 F.3d 1282, 1284- 85 (11th Cir. 2001) (per curiam) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"); Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll., 77 F.3d 364, 366 (11th Cir. 1996) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (internal citation omitted); Pelletier v. Zweifel, 921 F.2d 1465, (11th Cir. 1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted").

Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296, FN 9 (11th Cir. 2002).

6.    The complaint does not list when, where, how, or which products the plaintiffs used. It is virtually impossible to determine which plaintiffs are making claims against this defendant.

7.    This defendant is unable to respond to the allegations of the complaint without a location and time of any alleged exposure to asbestos. These defendants is unable to respond to the complaint without information regarding which plaintiffs allegedly used its products. The defendant is unable to respond to the allegations of the complaint without information regarding the product apparently

in question. The complaint is due to be dismissed for its failure to state a short and concise statement of the claim as required by Rule 8 of the Federal Rules of Civil Procedure.

8.  The plaintiffs' claims are improperly joined and venue is improper. The plaintiffs' did not work together. The defendant does not know what products any the plaintiffs were exposed to. The alleged places of exposure to asbestos do not appear to have occurred in the Middle District.

9.  Alternatively, the defendant moves this Honorable Court for an order requiring a more definite statement alleging sufficient facts so that the defendants can respond to the allegations.

10.  The defendant reserves the right to join in other arguments made by other defendants in any motions to dismiss or other responsive pleadings.

WHEREFORE, PREMISES CONSIDERED, this defendant moves this Honorable Court for an Order of dismissal for failure to state a claim upon which relief can be granted and for failure to state a short and concise statement of the claim against this defendant. In the alternative, the defendant moves for an order requiring the plaintiffs to make a more definite statement.

Respectfully submitted,

- 5 -

        s/ Matthew W. Robinett
MATTHEW W. ROBINETT
ASB-3523-172M
NORMAN, WOOD, KENDRICK
   & TURNER
Financial Center - Suite 1600
505 Twentieth Street North
Birmingham, AL  35203
Telephone:  (205) 328-6643
Fax:            (205) 251-5479
E-mail:        mrobinett@NWKT.com

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **GRADY O. HUMPHREYS, et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Civil Action No.:** |
| ) | **2-07-CV-607-WKW** |
| **A.O. SMITH ELECTRICAL** ) | |
| **PRODUCTS COMPANY, a division** ) | |
| **of A.O. SMITH CORPORATION, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record:

        Respectfully submitted,

        s/ Matthew W. Robinett
        MATTHEW W. ROBINETT
        ASB-3523-172M
        NORMAN, WOOD, KENDRICK
          & TURNER
        Financial Center - Suite 1600
        505 Twentieth Street North
        Birmingham, AL  35203
        Telephone:  (205) 328-6643
        Fax:        (205) 251-5479
        E-mail:    mrobinett@NWKT.com