THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GRADY O. HUMPHREYS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: |
| vs. | ) | 2:07-CV-607-WKW |
| | ) | |
| A. O. SMITH ELECTRICAL PRODUCTS | ) | |
| COMPANY, a division of A. O. SMITH | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONWED CORPORATION'S ANSWER TO COMPLAINT

COMES NOW Conwed Corporation, one of the Defendants in the above styled and numbered cause, and files this its Answer to Plaintiff's Complaint and would respectfully show unto the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Conwed Corporation, for either compensatory or punitive damages upon which relief can be granted and should be dismissed pursuant to Alabama Rules of Civil Procedure.

### SECOND DEFENSE

This answering Defendant specifically denies each and every material allegation of the Complaint which has not heretofore been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof, and this Defendant specifically denies that it is guilty of any negligence, gross negligence, strict liability, fraudulent concealment, misrepresentation, alteration of medical studies, conspiracy, reckless, malicious or wanton conduct or improper conduct

of any nature whatever which would entitle Plaintiff to compensatory or punitive damages against this Defendant in any amount whatsoever.

And now by way of answer to the Complaint, paragraph by paragraph, Conwed Corrporation, sets forth the following:

## JURISDICTION

This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

## STATUTE OF LIMITATIONS

This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

## BACKGROUND FACTS - THE PLAINTIFFS

1.    This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

2.    This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

3.    This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

4.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

5.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

6.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

7.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

8.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

9.      This answering defendants has insufficient information with which to admit or deny the allegations of this paragraph of the Complaint and therefore denies same and demand strict proof thereof.

## BACKGROUND FACTS - THE DEFENDANTS

10.     This answering defendant readopts, realleges and reincorporates its responses to the foregoing allegations in response to paragraph 10 of the complaint.

11.     Paragraph 11 of the complaint does not require a response.

12.    Paragraph 12 of the complaint does not require a response.

13-34.    Paragraphs 13 through 34 appear to pertain to Defendants other than this answering Defendant.  This answering defendant therefore denies same and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

35.    This answer Defendant admits it is a Delaware corporation, but denies all remaining allegations of this paragraph of the complaint.

36-89.    Paragraphs 36 through 89 appear to pertain to Defendants other than this answering Defendant.  This answering defendant therefore denies same and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

90.    Paragraph 90 of the complaint does not require a response.

91.    Paragraph 91 of the complaint does not require a response.

92.    Paragraph 92 of the complaint does not require a response.

93.    Paragraph 93 of the complaint does not require a response

94-96.    Paragraphs 94 through 96 appear to pertain to Defendants other than this answering Defendant.  This answering defendant therefore denies same and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

97.    This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs (a) through (e), and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient

information and denies same.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

98.     This answering defendant readopts, realleges and reincorporates its responses to the foregoing averments and allegations in response to paragraph 98 of the complaint.

99.     This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

100.     This paragraph does not require a response.

101.     This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

102.     This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs A through R, and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

103.     This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

## COUNT ONE

### (Alabama Extended Manufacturer's Liability Doctrine)

104.     This answering defendant readopts, realleges and reincorporates its responses to the foregoing allegations in response to paragraph 104 of the complaint.

105.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

106.    This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs A through B, and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

107.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

108.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

## COUNT TWO

### (Negligence and Intentional Tort)

109.    This answering defendant readopts, realleges and reincorporates its responses to the foregoing allegations in response to paragraph 109 of the complaint.

110.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

111.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this

answering Defendant, said Defendant has insufficient information and denies same.

112.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

113.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

114.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

115.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

116.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

117.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

118.    This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs (a) through (d), and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient

information and denies same.

119.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

120.    This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs (a) through (c), and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

121.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

## COUNT THREE

### (Negligence in the course of employment)

122.    This answering defendant readopts, realleges and reincorporates its responses to the foregoing allegations in response to paragraph 122 of the complaint.

123.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

124.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

125.    This answering Defendant denies the allegations of this paragraph of the complaint

and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

126.    This answering Defendant denies the allegations of this paragraph of the complaint, including subparagraphs (a) through (b) and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

127.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

128.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

**COUNT FOUR**

**(Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy)**

129.    This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

130-144.    Paragraphs 130 through 144, including all subparagraphs therein, appear to pertain to Defendants other than this answering Defendant.  This answering defendant therefore denies same and demands strict proof thereof.  Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

## COUNT FIVE

### (Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy)

145.   This answering defendant readopts, realleges and reincorporates its responses to the foregoing allegations in response to paragraph 145 of the complaint.

146.   This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

147.   This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

148.   This answering Defendant denies the allegations of this paragraph of the complaint and demands strict proof thereof. Insofar as this paragraph pertains to Defendants other than this answering Defendant, said Defendant has insufficient information and denies same.

## JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, this answering Defendant denies that Plaintiffs are entitled to judgment against the Defendants, jointly, severally and collectively, for compensatory and punitive damages, costs, pre and post judgment interest, attorney's fees, or any other damages in any amount whatsoever, and prays that this action be dismissed against it with all costs to Plaintiffs.

AND NOW, having fully answered the Complaint filed herein, this answering Defendant would state the following affirmative defenses, to-wit:

**THIRD  DEFENSE**

The Plaintiff's causes of action are barred by the applicable statute(s) of limitation.

**FOURTH DEFENSE**

The Plaintiff's causes of action are barred by the doctrine of laches.

**FIFTH DEFENSE**

The Plaintiff's causes of action are barred by the doctrine of estoppel.

**SIXTH DEFENSE**

The Plaintiff assumed the risk of injury and damage and, therefore, recovery is barred by the doctrine of assumption of risk.

**SEVENTH DEFENSE**

The Plaintiff has failed to mitigate his damages.

**EIGHTH DEFENSE**

Plaintiff's injuries, if any, were sustained in the ordinary course of his employment.

**NINTH DEFENSE**

Based on information and belief, Plaintiff's employer was negligent in that it failed to equip Plaintiff properly and safely with the necessary precautions; it provided the Plaintiff orders and directions involving any asbestos that may have been in the work area; and it allowed numerous other asbestos products to be used by Plaintiff and others on its premises in an amount so as to create a condition of danger for Plaintiff.  Although it knew or should have known in the exercise of ordinary care of the general warning pertaining to certain types of asbestos products, Plaintiff's employer nevertheless failed to pass these warnings to the Plaintiff and his supervisors; it failed to provide a safe place for Plaintiff to work; it failed to provide suitable training and education for

Plaintiff; it failed to enforce such safety training; and it failed to require Plaintiff and other employees to keep the premises reasonably clean and free of dust. Such negligence on the part of the Plaintiff's employer was a proximate and superseding cause of any injury done to Plaintiff by asbestos containing products.

### TENTH DEFENSE

The Plaintiff's employer was reasonably and adequately warned of alleged risks associated with some asbestos products and had actual, constructive or imputed knowledge thereof.

### ELEVENTH DEFENSE

Plaintiff's employer was experienced, sophisticated, and had knowledge of dangers associated with some asbestos products.

### TWELFTH DEFENSE

The Plaintiff was employed by a knowledgeable and sophisticated employer. Any duty Conwed Corporation., may have had to warn Plaintiff of any potential damage incident to his use of products of Conwed Corporation, which duty is denied, was superseded and/or discharged by the intervening duty of Plaintiff's employer to give Plaintiff all required warnings.

### THIRTEENTH DEFENSE

To the extent Plaintiff's claimed exposure to asbestos material, if any, occurred during any stage of the performance of a military or government contract or pursuant to any military government specifications, then the materials provided by Conwed Corporation., were in accordance with reasonably precise specification of the United States Government as to which Conwed Corporation, and/or its agents made all disclosures necessary to avail itself of the military specifications and/or government contractor's defense, which operates to grant immunity to Conwed Corporation.

## FOURTEENTH DEFENSE

As to any products manufactured and sold by Conwed Corporation, which gave rise to Plaintiff's claims herein which were designed and manufactured pursuant to and in accordance with standards and/or specifications mandated by the United States government and its agencies, the knowledge of the United States government and its agencies as to any possible health hazards from use of such products were equal to or superior to that of Conwed Corporation, thus Conwed Corporation, is immune from liability which exists in favor of the United States government or its agencies.

## FIFTEENTH DEFENSE

Any damages allegedly sustained by the Plaintiff were caused by the negligence, breach of duty, willful, wanton or reckless misconduct and acts or omissions of parties or persons other than Conwed Corporation, including but not limited to, other defendants and the Plaintiff's employer, over whom Conwed Corporation, had no control, which constitutes an intervening and superseding cause of Plaintiff's alleged injuries.

## SIXTEENTH DEFENSE

If it should be determined Conwed Corporation., was in any way negligent as alleged, which is denied, such negligence did not cause any damage or injury to the Plaintiff.  Further, any alleged negligence of Conwed Corporation, was secondary and passive, whereas the negligence of other persons or entities, including the negligence of the other defendants and the Plaintiff's employer, was the active producing cause of any injury or damage sustained by the Plaintiff.

## SEVENTEENTH DEFENSE

At all relevant times all products of Conwed Corporation, complied with industry standards

and with federal and state standards and regulations governing the manufacturing, sale, packing and distribution of such products.

## EIGHTEENTH DEFENSE

Any negligence or breach of any duty by Conwed Corporation, which negligence or breach of duty are denied, was not the proximate cause of the injuries and damages alleged by Plaintiff.

## NINETEENTH DEFENSE

Plaintiff's exposure to products of Conwed Corporation, if any, was de minimis and insufficient to cause any alleged injury, damage or loss to Plaintiff.

## TWENTIETH DEFENSE

The causal connection between Conwed Corporation, and any injury sustained by the Plaintiff is too remote, indefinite and speculative to serve as a basis of recovery against Conwed Corporation.

## TWENTY-FIRST DEFENSE

Conwed Corporation, is relieved of responsibility because its products were altered after leaving the control of Conwed Corporation, by persons over whom it had no control.

## TWENTY-SECOND DEFENSE

The state of medical, scientific and industrial knowledge, art and practice was at all material times such that Conwed Corporation, neither breached any alleged duty owed to the Plaintiff nor knew nor could have known that its products presented a foreseeable risk of harm to the Plaintiff in connection with the normal and expected use of such products.

## TWENTY-THIRD DEFENSE

If Plaintiff smoked tobacco products, he assumed the risk of all damages caused by such

smoking.

## TWENTY-FOURTH DEFENSE

If Plaintiff smoked tobacco products, he was contributorily negligence or at fault which was a proximate cause of some or all of the injuries or damages alleged.

## TWENTY-FIFTH DEFENSE

If Plaintiff used products of Conwed Corporation, he misused or abnormally or improperly used said products and such contributed in whole or in part to the injury or damages sustained by the Plaintiff, if any.

## TWENTY-SIXTH DEFENSE

The Plaintiff was guilty of negligence which was the sole, proximate or only cause of his illness or injury, or alternatively, the negligence of the Plaintiff proximately caused or proximately contributed to his injuries or illnesses.

## TWENTY-SEVENTH DEFENSE

There are no warranties expressed or implied and no privity of contract between Conwed Corporation, and the Plaintiff. Therefore, Plaintiff is not entitled to recovery against Conwed Corporation, for any alleged breach of warranty. If there was any implied warranty, which is denied, the Plaintiff failed to notify Conwed Corporation, of any breach thereof as required by Alabama law.

## TWENTY-EIGHTH DEFENSE

The Plaintiff's claims for breach of warranty are barred because of failure to give proper and timely notice of any such claims.

## TWENTY-NINTH DEFENSE

Because the Plaintiff is unable to identify the manufacturers of the substance(s), product(s)

or equipment which allegedly caused injury, Plaintiff fails to state a claim upon which relief can be granted because if such relief were granted, it would deprive Conwed Corporation, of its constitutional rights to substantive and procedural due process of law and equal production under the law as guaranteed by the United States Constitution and the Alabama Constitution.

## THIRTIETH DEFENSE

The causes of action asserted by Plaintiff, who is unable to identify the manufacturer(s) of the alleged injury-causing product(s), fail to state a claim upon which relief can be granted, in that Plaintiff asserts claims for relief which if granted would constitute a taking of the property of Conwed Corporation, without due process of law and denies Conwed Corporation, equal protection under the law.  Such a taking would contravene Conwed Corporation,'s constitutional rights as preserved under both the United States Constitution and the Alabama Constitution.

## THIRTY-FIRST DEFENSE

The doctrine of strict liability in tort is inapplicable to this litigation.

## THIRTY-SECOND DEFENSE

The Court lacks in personam jurisdiction over the Plaintiff.

## THIRTY-THIRD DEFENSE

The allegations of fraud, fraudulent concealment, concert of action, and conspiracy are not stated with sufficient particularity as to Conwed Corporation, as required by the Alabama Rules of Civil Procedure.

## THIRTY-FOURTH DEFENSE

Conwed Corporation, did not participate in any of the activities for which Plaintiff assert punitive damages may be assessed.

### THIRTY-FIFTH DEFENSE

There was no concert of action between Conwed Corporation, and any of the other defendants herein. Therefore, the defendants are not joint tortfeasors and Conwed Corporation, may not be held jointly and severally liable with the other defendants.

### THIRTY-SIXTH DEFENSE

The Plaintiff's exclusive remedy and right to recover is under the applicable state or federal Worker's Compensation laws because the alleged injuries of the Plaintiff occurred during the course and scope of his employment, and Plaintiff has no right to prosecute or maintain this action.

### THIRTY-SEVENTH DEFENSE

Conwed Corporation, is entitled to have any verdict reduced by the amount of Worker's Compensation payments or like payments made to the Plaintiff or on his behalf.

### THIRTY-EIGHTH DEFENSE

If it is determined the Plaintiff has made any form of recovery by way of judgment, settlement or otherwise, for all or any part of his alleged injuries or damages, then Conwed Corporation, is entitled to a set off and/or reduction of any verdict against it by the amount of any such judgment or settlement.

### THIRTY-NINETH DEFENSE

Conwed Corporation, incorporates by reference the affirmative defenses of the other defendants to this litigation as if fully set forth herein.

### FORTIETH DEFENSE

Conwed Corporation, will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its answer and to supplement its affirmative defenses as additional

information becomes available through discovery.

### FORTY-FIRST DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-4-11 and 13(a)-5-12, Code of Alabama (1975), jointly and separately.

### FORTY-SECOND DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;; and Article 1, Sections 1, 2, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1981, and is improper under the common law and public policies of the State of Alabama under applicable court rules and statutes for the following reasons, jointly and separately:

1.    There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, the defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.    The procedures to be followed would permit an award of punitive damages against the defendants upon the satisfaction of a burden of persuasion (standard of proof) less than theat applicable to the imposition of criminal

sanctions for equal culpability;

3.      The procedures to be followed would permit the award of multiple punitive damages for the same at or omission;

4.      There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against these defendants under present Alabama law;

5.      The standards of conduct upon which punitive damages are sought against these defendants are vague and ambiguous;

6.      The procedures used by Alabama courts and the guidelines given to the jurors; jointly and separately, are vague and ambiguous;

7.      The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited and undefined power to make determinations on their notations of what the law should be instead of what it is;

8.      The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous, and thus fail to eliminate the effects of, and to guard against, impermissible juror passion;

9.      Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

10.     Present Alabama law does not provide a meaningful opportunity for

challenging the rational basis for, and any excessiveness of, any award of punitive damages;

11.     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

12.     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against these defendants;

13.     The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

14.     The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrong-doing or culpability;

15.     An award of punitive damages would compensate plaintiffs for elements of damage not otherwise recognize by Alabama law.

## <u>FORTY-THIRD DEFENSE</u>

Imposition of punitive damages in this case against this defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### FORTY-FOURTH DEFENSE

To award punitive damages against this defendant in this case would have a chilling effect upon this defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### FORTY-FIFTH DEFENSE

In the event that any portion of a punitive damages award against this defendant in this case were to inure to the benefit of the State of Alabama, or any governmental or private entity other than plaintiffs, such an award would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and Article 1, Section 15 of the Alabama Constitution.

### FORTY-SIXTH DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, this defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

And now having fully answered the Complaint, and having presented its defenses thereto, Conwed Corporation, requests that this action be dismissed with all cost to Plaintiff.

Respectfully submitted,

s/ Nathan A. Bosio
DOGAN & WILKINSON, PLLC

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

GRADY O. HUMPHREYS, et al.,       )
                                  )
            Plaintiffs,           )
                                  )        Civil Action No.:
vs.                               )        2:07-CV-607-WKW
                                  )
A. O. SMITH ELECTRICAL PRODUCTS   )
COMPANY, a division of A. O. SMITH )
CORPORATION, et al.,              )
                                  )
            Defendants.           )

**CERTIFICATE OF SERVICE**

        I hereby certify that on August _____, 2007, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                              Respectfully submitted,

                              s/ Nathan A. Bosio
                              NATHAN A. BOSIO
                              AL Bar # 4003-A55B
                              Attorney for Defendant Conwed
                              DOGAN & WILKINSON, PLLC
                              P.O. Box 1618
                              Pascagoula, MS 39568
                              Telephone: (228)762-2272
                              Facsimile: (228) 762-3223