## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GRADY O. HUMPHREYS, et al., | ) | |
| | ) | |
| | ) | |
| **PLAINTIFFS** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **2:07-CV-607-WKW** |
| | ) | |
| VS. | ) | |
| | ) | |
| A. O. SMITH ELECTRICAL | ) | |
| PRODUCTS COMPANY, et al., | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## ANSWER AND OBJECTIONS OF DEFENDANT,
## UNIROYAL HOLDING, INC. TO PLAINTIFFS
## COMPLAINT AND TO ALL DEFENDANTS CROSS-CLAIMS

COMES NOW, the defendant, Uniroyal Holding, Inc., erroneously named and served as Uniroyal Fiber and Textile & Division of Uniroyal, Inc., (hereinafter "Uniroyal"), by and through its attorney of record, Forman Perry Watkins Krutz & Tardy LLP, and files this it answer to Plaintiffs' complaint filed on June 29, 2007, and would respectfully show unto the Court the following, to-wit:

### FIRST DEFENSE

The Plaintiffs' complaint fails to state a claim or cause of action against Uniroyal upon which relief can be granted. Plaintiffs' Complaint fails to put Uniroyal, or any other Defendant, on notice as to those claims that it is to defend against which relate to the each Plaintiff generally, or those claims as they relate specifically to each Plaintiff. Uniroyal denies that Plaintiffs have stated a triable claim against it and therefore denies the request for jury trial.

## SECOND DEFENSE

Plaintiffs Complaint fails to provide a more definite statement and is vague, failing to plead with particularity specific facts relating to the claims of each Plaintiff against any particular defendant or identified defendants, such as:

1. Nothing in Plaintiffs' Complaint indicates the time, place, circumstance, or products to which each Plaintiff alleges exposure, nor does it indicate to which particular Defendants' products, if any, each Plaintiff was allegedly exposed to;

2. Nothing in Plaintiffs' Complaint indicates the types of products used by each Plaintiff. Plaintiffs' Complaint also fails to identify any specific time or place of the alleged exposure(s);

3. Plaintiffs' Complaint fails to indicate whether each Plaintiff was exposed to which Defendants' products, if any, and whether or not the cause of action against Uniroyal, or any Defendant, occurred or accrued within the State of Alabama.

4. General speaking, Plaintiffs' Complaint fails to put Uniroyal, or any other Defendant, on notice as to the claims that they are to defend against which relates to Plaintiff.

## THIRD DEFENSE

And now answering the allegations of the complaint, paragraph by paragraph, Uniroyal would state as follows:

COMPLAINT

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

JURISDICTION

Defendant denies the allegations of this paragraph of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

STATUTE OF LIMITATIONS

Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in the unnumbered paragraph entitled STATUTE OF LIMITATIONS of Plaintiffs' Complaint relating to the Plaintiffs and/or Plaintiffs' decedent and, therefore can neither admit or deny said allegations. Insofar as they apply to other Defendants, Uniroyal without knowledge or information sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph titled STATUTE OF LIMITATIONS of Plaintiffs' Complaint and therefore denies same. Further, Uniroyal reserves all rights and defenses in this matter and incorporates by reference its defenses and denials previously set forth.

BACKGROUND FACTS – THE PLAINTIFFS

1-9

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1 through 9 and therefore denies same.

## BACKGROUND FACTS – THE DEFENDANTS

### 10.

Defendant incorporates by reference the defenses and denials previously set forth herein.

### 11-84.

Defendant denies the allegations of Paragraphs 11 through 84 of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 11 through 84 and therefore denies same.

### 85.

This Defendant admits only that it is a New Jersey corporation with its principal place of business in a state other than Alabama. All other allegations set forth or implied in Paragraph 85 of the complaint are denied as they pertain to this Defendant.

### 86-97.

Defendant denies the allegations of Paragraphs 86 through 97 of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 86 through 97 and therefore denies same.

## DEFENDANTS CONDUT AND PLAINTIFFS AND/OR PLAINTIFFS' DECEDENTS INJURY

### 98.

Defendant incorporates by reference the defenses and denials previously set forth herein.

99-103.

Defendant denies the allegations of Paragraphs 99 through 103, including all subparagraphs therein, of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendants, Uniroyal is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 99 through 103, including all subparagraphs therein, and therefore denies same.

## COUNT ONE
(Alabama Extended Manufacturer's Liability Doctrine)

104.

Defendant incorporates by reference the defenses and denials previously set forth herein.

105-108.

Defendant denies the allegations of Paragraphs 105 through 108, including all subparagraphs therein, of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendant, Uniroyal is without knowledge or information sufficient to from a belief as to the truth of the allegations of Paragraphs 105 through 108, including all subparagraphs therein, of the complaint, and therefore denies same.

## COUNT TWO
(Negligence and Intentional Tort)

109.

Defendant incorporates by reference the defenses and denials previously set forth herein.

110-121.

Defendant denies the allegations of Paragraphs 110 through 121, including all subparagraphs therein, of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendant, Uniroyal is without knowledge or information sufficient to from a belief as to the truth of the allegations of Paragraphs 110 through 121, including all subparagraphs therein, of the complaint, and therefore denies same.

COUNT THREE
(Negligence in the Court of Employment)

122.

Defendant incorporates by reference the defenses and denials previously set forth herein.

123-128.

Defendant denies the allegations of Paragraphs 123 through 128, including all subparagraphs therein, of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendant, Uniroyal is without knowledge or information sufficient to from a belief as to the truth of the allegations of Paragraphs 123 through 128, including all subparagraphs therein, of the complaint, and therefore denies same.

COUNT FOUR
(Fraudulent Concealment / Misrepresentation / Alteration of
Medical Studies / Conspiracy / Aiding and Abetting Conspiracy)

129-144.

The allegations contained in Paragraphs 129 through 144, including all subparagraphs therein, do not appear to pertain to this Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations of Paragraphs 129 through 144, including all subparagraphs therein. Insofar

as the allegations pertain to other defendants, same are denied for lack of sufficient information to justify a belief therein.

## COUNT FIVE
(Product Liability, Combined and Concurring
Negligence, Intentional Tort and Conspiracy)

145.

Defendant incorporates by reference the defenses and denials previously set forth herein.

146-148.

Defendant denies the allegations of Paragraphs 146 through 148 of the complaint insofar as they apply to this Defendant. Insofar as they apply to other defendant, Uniroyal is without knowledge or information sufficient to from a belief as to the truth of the allegations of Paragraphs 146 through 148 of the complaint, and therefore denies same.

## JURY DEMAND AND AD DAMNUM

WHEREFORE, Defendant demand and moves the Court to dismiss Plaintiffs' Complaint herein against it and further says that Plaintiffs are not entitled to recover herein against Uniroyal as alleged in said Plaintiffs' Complaint. Defendant agrees with Plaintiffs' request for a trial before a jury should further action be deemed necessary.

## FOURTH DEFENSE

The claims alleged herein against Defendant are barred by the applicable statutes of limitation, and, alternatively by the *doctrine of laches*.

## FIFTH DEFENSE

The Court lacks *in personam* jurisdiction over this Defendant.

## SIXTH DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiffs' claims; more particularly, there is no showing of any relative connection between Plaintiffs' alleged injuries and this Defendant's activities in the State of Alabama.

## SEVENTH DEFENSE

Venue is improper.

## EIGHTH DEFENSE

There is a lack or insufficiency of service of process upon this Defendant and the case should be dismissed as to it.

## NINTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of the parties.

## TENTH DEFENSE

The Complaint should be dismissed based on a mis-joinder of the claims.

## ELEVENTH DEFENSE

Plaintiffs' fraud claims should be dismissed for failure to plead such claims with sufficient particularity, as required by Rule 4 of the Federal Rules of Civil Procedure and Rule 9 of the Alabama Rules of Civil Procedure.

## TWELFTH DEFENSE

Any product manufactured, sold or supplied by Uniroyal was not defective or unreasonably dangerous in that it complied, at all relative times, with all applicable government safety standards.

## THIRTEENTH DEFENSE

If it is determined that Plaintiffs or Plaintiffs' decedent(s) have made any form of recovery by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Uniroyal claims the benefit of such recovery by way of setoff, payment, credit, recoupment, accord and satisfaction, or otherwise.

## FOURTEENTH DEFENSE

Uniroyal denies that it is liable to Plaintiffs under the Alabama Extended Manufacturers Liability Doctrine [AEMLD], and reserves the right to assert any other defense available to Uniroyal under that doctrine.

## FIFTEENTH DEFENSE

Plaintiffs' employers, were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs have filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

## SEVENTEENTH DEFENSE

There should be no recovery against Uniroyal because the exposure of Plaintiffs to Uniroyal's products, if any, was *de minimus.*

## EIGHTEENTH DEFENSE

Uniroyal states that Plaintiffs were not exposed to any asbestos product through any act or omission of Uniroyal, and if any such exposure occurred, which is denied, such

exposure was of such insufficient quantities or at such time or under such conditions as to not render Uniroyal liable therefore.

### NINTEENTH DEFENSE

There should be no recover against Uniroyal because to the extent that Uniroyal acted or failed to act, Uniroyal's conduct was in keeping with the State of the Medical and Industrial Art as it existed at all pertinent times.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

### TWENTY-FIRST DEFENSE

Plaintiffs are barred from brining this action under the doctrine of *res judicata*.

### TWENTY-SECOND DEFENSE

Some or all of the issues in the lawsuit have already been litigated and therefore Plaintiffs are collaterally estopped from re-litigating those issues.

### TWENTY-THIRD DEFENSE

If Plaintiffs suffered any injuries or damages, as alleged, which is specifically denied, the same resulted from the acts and omissions of persons other than Uniroyal, for which Uniroyal is in no way liable. Such acts and omissions constitute an independent, efficient, intervening cause which superseded any alleged legal wrong of Uniroyal and constitute the sole proximate or legal cause of the injuries and damages, if any, alleged by Plaintiff.

## TWENTY-FOURTH DEFENSE

Uniroyal adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with Uniroyal's assertion that it is not liable to Plaintiffs for any amount whatsoever.

## TWENTY-FIFTH DEFENSE

There should be no recovery against Uniroyal because of any failure to warn or the inadequacy of warning. Upon information and belief, at all times pertinent to Plaintiffs' claims, said Plaintiffs were possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and Plaintiffs were required to follow specific written safety procedures as established by Plaintiffs' employers which negated the need or requirement for any such warning.

## TWENTY-SIXTH DEFENSE

There should be no recover against Uniroyal for medical expenses incurred in the care, diagnosis or treatment of any injury to Plaintiffs, if any, because:

1. Plaintiffs' employers are obligated under the Workers' Compensation Laws of the state of Plaintiffs' residence to pay for medical expenses which were incurred as a result of this occurrence; and

2. Plaintiffs were entitled to receive benefits from private or public health insurance programs, health benefit plants, union-sponsored or union-provided health benefits which are responsible for the payment of all past, present and future medical expenses.

## TWENTY-SEVENTH DEFENSE

Plaintiffs misused, abused, abnormally or improperly used some or all of the products referred to in the Complaint, and used them in a manner other than that for which they were intended. Such abuse, or abnormal, improper use proximately caused or contributed to, in whole or in part, the injuries or damages sustained by Plaintiffs, if any. Plaintiffs failed to observe and use ordinary care and caution for one's own safety, knowing that the products Plaintiffs were using could cause damage if misused. Therefore, the proximate cause of Plaintiffs' injuries or damages, if any, was a direct result of Plaintiffs' negligence.

## TWENTY-EIGHTH DEFENSE

If Plaintiffs suffered any injuries or damages, as alleged, which is specifically denied, any such claim therefore against Uniroyal is speculative and no recovery can be awarded to Plaintiffs.

## TWENTY-NINTH DEFENSE

Any injuries or damages alleged to have been sustained by Plaintiffs were proximately caused or contributed to by the free and voluntary assumption of risk by Plaintiffs.

## THIRTIETH DEFENSE

Plaintiffs failed to mitigate the damages, if any.

## THIRTY-FIRST DEFENSE

If Plaintiffs sustained any injuries or damages, which is denied, then such injuries or damages were proximately caused or contributed to by exposure to or inhalation of noxious and deleterious fumes and residues from industrial products and by-products

prevalent on each Plaintiff's job site(s) and substances not legally connected to Uniroyal, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

### THIRTY-SECOND DEFENSE

It was the duty of Plaintiffs' employers and not Uniroyal to furnish Plaintiffs with reasonably safe places within which to work, including all necessary and adequate warnings and safety appliances to safeguard Plaintiffs. Also, if Plaintiffs received any injuries and damages, which are denied, then failure of Plaintiffs' employers in their duty toward Plaintiffs was the sole proximate cause of any such injury or damage, if any, or, in the alternative was such an intervening cause as to relive Uniroyal from any liability to Plaintiffs.

### THIRTY-THIRD DEFENSE

As to any and all alleged breach of warranties, Uniroyal would show that Plaintiffs are not third party beneficiaries of any express or implied warranties. Such claims are barred because of the following:

1. Plaintiffs were not in privity with Uniroyal;

2. Plaintiffs failed to give Uniroyal notice of any alleged breach of warranty within a reasonable time period; and

3. Any such unfulfilled warranties deemed to have been made by Uniroyal is entitled to a credit in the amount of said settlement.

### THIRTY-FOURTH DEFENSE

To the extent that each Plaintiff's exposure to asbestos products that have a legal connection to Uniroyal, if any, occurred during any state of the performance of a military

- 13 -

government contract, the asbestos products legally connected with Uniroyal, if there were any, were manufactured, distributed, or otherwise furnished in accordance with reasonably precise specification of the United States Government, of which Uniroyal made all disclosures necessary to avail itself of the military specifications and government contractors defense, which operates to grant immunity from said claims to Uniroyal.

THIRTY-FIFTH DEFENSE

The obligations of Uniroyal with regard to any asbestos products allegedly having a legal connection with it must be evaluated according to the State of the Medical and Industrial Art and the laws of the state, existing at the pertinent time. Uniroyal invokes all state-of-the-art defenses applicable to Plaintiffs' claims.

THIRTY-SIXTH DEFENSE

Any aware of punitive damages to Plaintiffs would be an unconstitutional violation f the provisions of the United States Constitution, including, but not limited to, the following:

1. The Due Process and Double Jeopardy Clauses of the Fifth Amendment;

2. The Excessive Fines Clause of the Eighth Amendment;

3. The Right to a Trial by Jury Clause of the Seventh Amendment;

4. An unreasonable burden on interstate commerce in violation of Article One, Section Eight of the United States Constitution;

5. Full Faith and Credit as guaranteed by Article Four, Section One of the United States Constitution;

6. The Privileges and Immunities Clause of Article Four, Section Two of the United States Constitution;

7. A Republican Form of Government as guaranteed by Article Four, Section Four of the United States Constitution;

8. The Prohibition Against Laws Impairing the Obligation of Contracts as set forth in Article One, Section Ten of the United States Constitution;

9. The Due Process and Equal Protection Clauses of the Fourteenth Amendment, Article One, Section Fifteen of the Constitution of Alabama of 1901; and

10. Article One, Section Seven of the Constitution of Alabama of 1901.

Further, any aware of punitive damages would be penal in nature.

THIRTY-SEVENTH DEFENSE

Plaintiffs do not have a cause of action against Uniroyal for either implied warranty or strict liability under the laws of the State of Alabama; therefore, such claims are barred.

THIRTY-EIGHTH DEFENSE

Plaintiffs' Complaint fails to name indispensable parties and, therefore, must be dismissed, or alternatively, this civil action should be stayed pending other appropriate relief by the Court.

THIRTY-NINTH DEFENSE

To the extent that any Plaintiffs were ever employed by Uniroyal, then the sole remedy of that Plaintiff is under and pursuant to the Workers' Compensation Laws of this state or the state of residency of that Plaintiff. The Workers' Compensation Laws act as a bar to preclude any action by any Plaintiff against Uniroyal.

## FORTIETH DEFENSE

There should be no recovery against Uniroyal based on the AEMLD, because any culpable conduct of Uniroyal, the existence of which is strenuously denied, occurred prior to the recognition of the AEMLD.

Any attempt to impose liability upon Uniroyal for conduct which occurred prior to the recognition of this doctrine would violate, separately and jointly, the Fifth and Tenth Amendments of the Constitution of the United States and Article One, Section Seven of the Constitution of Alabama of 1901.

Moreover, there is no causal relation between the activities of Uniroyal and the injury to Plaintiffs of which Plaintiffs now complain.

## FORTY-FIRST DEFENSE

There should be no recovery against Uniroyal under any claim based on implied or expressed warranty if said claims are said to arise under the Uniform Commercial Code of Alabama, to the extent that Uniroyal's contractual obligations occurred prior to the enactment of said statutes. The imposition of such liability would violate the following:

1. The Fifth Amendment of the Constitution of the United States;

2. The Tenth Amendment of the Constitution of the United States;

3. The Fourteenth Amendment of the Constitution of the United States; and

4. Article One, Section Seven of the Constitution of Alabama of 1901.

## FORTY-SECOND DEFENSE

The should be no recovery against Uniroyal, because, as a matter of law, the imposition of liability under the AEMLD or under any theory of implied or expressed

warranty, separately or jointly, would operate as an ex-post-facto imposition of legal liability and duty and thus would violate Uniroyal's constitutional rights under:

1. The Fifth Amendment of the Constitution of the United States;

2. The Eighth Amendment of the Constitution of the United States;

3. The Tenth Amendment of the Constitution of the United States;

4. The Fourteenth Amendment of the Constitution of the United States;

5. Article One, Section Fifteen of the Constitution of Alabama of 1901;

6. Article One, Section Seven of the Constitution of Alabama of 1901;

7. Such an imposition of liability and/or duty operates as an ex-post-facto law and expressed violation of the United States Constitution;

8. The retrospective application of the AEMLD to impose a legal duty and/or liability without notice would be an act which is an expressed contravention of the Fifth and Fourteenth Amendments of the United States Constitution; and

9. to the extent that recovery is awarded and money actually paid by Uniroyal, this Defendant would be deprived of its property, without due process of law, and there would be an expressed violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

<u>FORTY-THIRD DEFENSE</u>

There should be no recovery against Uniroyal under any provision of § 6-2-30, Code of Alabama, 1975, either alone or in conjunction with any other provision of Alabama Law, because § 6-2-30 is unconstitutional as it violates the following:

1. The Fifth Amendment of the Constitution of the United States;

2. The Eighth Amendment of the Constitution of the United States;

3. The Tenth Amendment of the Constitution of the United States;

4. The Fourteenth Amendment of the Constitution of the United States;

5. Article One, Section Fifteen of the Constitution of Alabama of 1901;

6. Article One, Section Seven of the Constitution of Alabama of 1901; and

7. Article One, Section Thirteen of the Constitution of Alabama of 1901.

## FORTY-FOURTH DEFENSE

There should be no recovery against Uniroyal under any theory of enterprise liability, concert of action or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

## FORTY-FIFTH DEFENSE

Uniroyal avers that any award of punitive damages to Plaintiff will be violative of the constitutional safeguards provided to Uniroyal under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, without standards and is not rationally related to legitimate interests.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims of punitive damages violate the Fourth, Fifth, Sixth and Fourteenth amendment to the Constitution of the United States, and Article I, Section Six of the Constitution of the State of Alabama on the following grounds:

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs

satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2.  The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Uniroyal which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar act and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

6.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims of punitive damages violate the Due Process Clause of Article I, Section Six of the Constitution of the State of Alabama on the following grounds:

1. It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon Plaintiff satisfying a burden of proof less than "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded fail to provide a limit to the amount of the award against Uniroyal;

3. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interest;

4. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

5. The award of punitive damages in this case, constitutes a deprivation of property without due process of law; and

6. It is a violation of the Due Process Clause to impose punitive damages against this Defendant, which are penal in nature, yet compel Uniroyal to disclose potentially incriminating documents of evidence.

## FORTY-EIGHTH DEFENSE

Uniroyal pleads notice to Plaintiffs' employers are in accordance with *Vines v. Beloit Corp.*, 631 So.2d 1003 (Ala. 1994).

## FORTY-NINTH DEFENSE

Uniroyal asserts that there is no causal connection or relationship between any alleged negligence or defect on the part of Uniroyal and Plaintiffs' injuries or damages.

## FIFTIETH DEFENSE

Alabama law regarding joint and several liability is constitutionally void as to Uniroyal as applied to the facts and circumstances in this case and that:

1. It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and quantity of the culpable ability of other Defendants joining one action; and

2. It operates to deny Uniroyal a fair opportunity to have a jury assess damages based on Uniroyal's own culpability for negligence and/or wantonness, which cannot be segregated from allegation of negligence and/or wantonness against other Defendants joined as one in this action.

## FIFTY-FIRST DEFENSE

That in failing to provide for joint contribution and apportionment of damages among Defendants:

1. It deprives Uniroyal of property without due process of law contrary to the Fifth and Fourteenth Amendments of the United States Constitution and specifically to those portions thereof prohibiting any state from depriving any person or proper without due process of law; and

2. Separately, it deprives Uniroyal of property without due process of law contrary to Article I, Section Six of the Constitution of the State of Alabama.

Providing insofar as here germane that no personal shall be deprived of property except by due process of law with the result that Plaintiffs are not entitled to recover in this case Uniroyal for damages based on the evidence of negligence and wantonness of other Defendants.

### FIFTY-SECOND DEFENSE

Uniroyal denies that its products were dangerous when used in a reasonable and foreseeable manner, and for their intended use.

### FIFTY-THIRD DEFENSE

Uniroyal denies that Plaintiffs sustained injuries or illnesses by reason of any contact with or use of any products and/or materials made, manufactured, packaged, furnished, delivered, distributed, and/or sold by this Defendant.  Uniroyal denies that any of Plaintiffs' alleged injuries, illnesses, or damages were in any way cause or produced by use or contact with any product and/or material for which Uniroyal is responsible.

### FIFTY-FOURTH DEFENSE

Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Uniroyal, thus barring Plaintiffs from any relief as prayed for therein.

### FIFTY-FIFTH DEFENSE

Plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, storage, and placement of the products, substances, and equipment in which exposure is claimed as is described in the Complaint and is therefore barred from any relief prayed for.

FIFTY-SIXTH DEFENSE

Uniroyal alleges that if a duty to warn Plaintiffs of the potential danger would be found upon this Defendant, though the existence of such duty is expressly denied, such warnings would not have been heeded by Plaintiffs and, further, that the injuries of Plaintiffs were solely or, in the alternative, proximately caused by their disregard of all warnings and instructions given. Uniroyal expressly denies that it had a duty to warn Plaintiffs of dangers inherent in the use of products manufactured, sold, and/or distributed by third parties not connected with this Defendant and over whom Uniroyal had not actual control or right of control. Additionally, any alleged lack of warnings or insufficiency of warnings did not lead to any reliance by Plaintiffs.

FIFTY-SEVENTH DEFENSE

Uniroyal alleges that any loss, injuries or damages incurred by Plaintiffs were proximately and legally caused by the negligent or willful acts or omissions of parties which Uniroyal neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of this Defendant.

FIFTY-EIGHTH DEFENSE

Uniroyal alleges that it did not have control over the circumstances and/or events in question, including, but not limited to, the use of the products and/or materials in question, which were allegedly sold to or provided to Plaintiffs' employers. Plaintiffs, their employers, and/or other for whom Uniroyal was not and is not responsible were aware of the circumstance and nature of the product s and/or materials, the use to which the products and/or materials were to be used, and any dangers incident to the manner and method to which the products and/or materials were to be used.

- 23 -

## FIFTY-NINTH DEFENSE

Uniroyal alleges that there is and was no legal liability on the part of this Defendant because the alleged acts or omissions were caused by transitory conditions arising in the course of the activities of the Plaintiffs. Plaintiffs, their employers, or other persons used their own manner, method, and means of performing such activities, and there was no relationship between Plaintiffs and Uniroyal as to the manner, method, and means of performing such activities or the conditions under which Plaintiffs acted.

## SIXTIETH DEFENSE

Uniroyal exercised due care and diligence in all of the matters alleged in the Complaint, and no act or omission by this Defendant was the proximate cause of any damage, injury or loss to Plaintiff.

## SIXTY-FIRST DEFENSE

Uniroyal alleges that Plaintiffs voluntarily assumed the risk of injuries or illnesses by continuing to work with full knowledge and information of the danger, and Plaintiffs' claims are barred by the doctrine of *volenti fit injuria.*

## SIXTY-SECOND DEFENSE

Uniroyal alleges that the injuries of Plaintiffs, if any, and/or conditions of Plaintiffs, if any, were not in fact caused by the use of any of the products or devices distributed by this Defendant, but rather were caused by the negligence of Plaintiffs and their failure to use or properly use available protective equipment.

## SIXTY-THIRD DEFENSE

Uniroyal alleges that if Plaintiffs sustained any injuries, illnesses, diseases, disabilities, loss, and/or damages, such is, or was, the result of a condition or conditions of each Plaintiff's body pre-existing the alleged occurrences.

## SIXTY-FOURTH DEFENSE

Uniroyal alleges that the disabilities of the Plaintiffs, if any, were caused or aggravated by smoking, other medical causes, or processes including the natural aging process unrelated to any exposure to any products sold by Uniroyal.

## SIXTY-FIFTH DEFENSE

Uniroyal alleges that Plaintiffs' injuries and illnesses, or diseases, if any, were the result of avoidable accidents, and not due to any negligence or breach of legal duty on the part of Uniroyal.

## SIXTY-SIXTH DEFENSE

Uniroyal alleges that it may have no liability for these alleged acts, omissions, or otherwise of any other Defendant or any other entity because it may not become legally responsible for the acts of any such Defendant or entity based on the facts and circumstances of transactions that may be pertinent to the allegations of this case.

## SIXTY-SEVENTH DEFENSE

Uniroyal alleges that to the extent that Plaintiffs have agreed not to sue or have compromised, settled, or otherwise reached some arrangement with any party, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court find this not be a bar, the jury should be advised of the agreements of Plaintiffs and any monetary amounts involved so that Uniroyal can be credited with or receive an offset for

said amounts Plaintiffs have already received so as to prevent "double recovery" by Plaintiffs.

### SIXTY-EIGHTH DEFENSE

Uniroyal reserves the right to assert cross-claims for indemnification and contribution against all co-defendants and any subsequently joined parties.

### SIXTY-NINTH DEFENSE

Uniroyal alleges that at all times mentioned, Plaintiffs consented to the alleged acts or omissions of this Defendant.

### SEVENTIETH DEFENSE

Uniroyal alleges that each of the Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitivity reactions for which Uniroyal is not liable.

### SEVENTY-FIRST DEFENSE

Uniroyal alleges that Plaintiffs' claims for punitive damages are barred because this Defendant at all times and places mentioned in the Complaint. Acted reasonably and in good faith, and without malice or oppression towards the Plaintiffs.

### SEVENTY-SECOND DEFENSE

Uniroyal alleges that Plaintiffs' employers were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product(s) to enable it to inform its employees and take appropriate work precautions to prevent injurious exposure.

### SEVENTY-THIRD DEFENSE

Uniroyal would show that Plaintiffs' injuries or illnesses, if any, were occupational diseases resulting from Plaintiffs' work and not from any isolated incident or contact with any products or materials made, manufactured, packaged, furnished, delivered, distributed, and/or sold by Uniroyal; and which this Defendant is not legally liable or responsible for such occupational diseases, if any, brought about or caused by conditions arising in the course and scope of Plaintiffs' employment. In addition, Uniroyal would show that Plaintiffs, their employers, owners of the various premises in which Plaintiffs worked, and the various government agencies, including, but not limited to, the Occupational Safety & Health Administration (OSHA) of the United States Government, were charged with the duty of inspecting the safety of the working conditions of Plaintiffs. Therefore, Uniroyal would show that the negligent acts and/or omissions of Plaintiffs, Plaintiffs' employers, owners of the various premises in which Plaintiffs worked, and the various government agencies were the sole and proximate cause of Plaintiffs' injuries, illnesses, or damages.

### SEVENTY-FOURTH DEFENSE

Plaintiffs have no standing or right to sue for fraud and conspiracy, breach of warranty, or deceit as alleged in the Complaint, and therefore the Complaint and each cause of action thereof fails to state facts sufficient to constitute a cause of action against Uniroyal.

### SEVENTY-FIFTH DEFENSE

Each Plaintiff herein lacks legal capacity to sue and is not a real party in interest and thereby is precluded from any recovery whatsoever as prayed for herein.

SEVENTY-SIXTH DEFENSE

Fraud and conspiracy do not constituted a separate and distinct form of damages from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages does not sufficiently support or constitute a separate claim for damages against Uniroyal, but is simply cumulative and included in general damages.

SEVENTY-SEVENTH DEFENSE

The harms allegedly suffered by Plaintiffs are not compensable.

SEVENTY-EIGHTH DEFENSE

To the extent that Plaintiffs allege injuries from a product which was allegedly designed, manufactured, maintained, inspected, assembled, distributed, and/or labeled by Uniroyal, Plaintiffs' claims are barred in all or in part as the useful safe-life of the product has been exceeded.

SEVENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by application of the doctrine of federal preemption. Plaintiffs' claims are specifically preempted by, but not limited to, the Occupational Safety and Health Act of 1970 and by the Federal Hazard Communication Standard.

EIGHTIETH DEFENSE

Uniroyal alleges that to the extent the Court decides that punitive damages should be awarded in this case, which Uniroyal specifically denies, then the damages should go to a charitable or public body, rather than to Plaintiff or his counsel. The purpose of punitive damages would not be served by a windfall award to the parties to the civil litigation.

### EIGHTY-FIRST DEFENSE

Uniroyal alleges and avers that Plaintiffs' request for pre-judgment interest is unsupported by an statute or procedural law.

### EIGHTY-SECOND DEFENSE

Uniroyal alleges that the imposition of joint and several liability is an impermissible taking, violative of the Constitution of the United States of American and Alabama.

### EIGHTY-THIRD DEFENSE

The state of the medical, scientific, and industrial knowledge and practice was at all times such that Uniroyal neither breached any alleged duty owed to Plaintiffs, nor knew, nor could have known, that its alleged activities, material or products presented a foreseeable risk of harm, if any, to Plaintiffs in the normal and expected course of such activities and use of such materials and products.

### EIGHTY-FOURTH DEFENSE

Uniroyal alleges that any insubstantial amount, if any at all, of the products allegedly containing asbestos and allegedly distributed, used or supplied by Uniroyal, were not distributed or used in the present of Plaintiffs and not supplied to Plaintiffs, and if so, were substantially altered, modified, tampered with, or changed prior 5to the time Plaintiffs used the products and/or materials by third-party persons or instrumentalities who are not in any manner connect with or controlled by Uniroyal and/or used in a manner inconsistent with the labeled directions.

## EIGHTY-FIFTH DEFENSE

Uniroyal alleges that all products allegedly containing asbestos allegedly manufactured, , distributed or supplied by this Defendant, the existence of which Uniroyal expressly denies were manufactured, distributed or supplied to, or for persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of Uniroyal, and such persons or entities gave or should have given warnings or instructions to Plaintiffs of the dangers of exposure to and inhalation of asbestos and dust particles.

## EIGHT-SIXTH DEFENSE

Uniroyal alleges that it is entitled to rely on the learned intermediary defense.

## EIGHTY-NINTH DEFENSE

Uniroyal alleges that the Complaint and each cause of action alleged therein are barred on the grounds that Plaintiffs' employers knowingly entered into and engaged in the operations, acts and conduct alleged in the Complaint, and voluntarily and knowingly assumed all of the risk incident to said operations, acts and conduct at the time and place mentioned in the Complaint.

## EIGHTY-EIGHTH DEFENSE

Uniroyal alleges that Plaintiffs had or should have had full knowledge of the harmful conditions or events alleged in Plaintiffs' Complaint, and they knew or should have known that the conditions or events complained of were harmful, but nevertheless continued to work and expose themselves to the harmful conditions or events that are alleged.

## EIGHTY-NINTH DEFENSE

Uniroyal alleges that the Complaint and each cause of action therein presented are barred on the grounds that the alleged products, conduct of materials of this Defendant as referred to in Plaintiffs' Complaint, if any, were not a substantial factor in bringing about the injuries and damages complained of by Plaintiffs and did not increase the risk that Plaintiffs would suffer the injuries and damages of which they now complain.

## NINTIETH DEFENSE

Uniroyal alleges that, in the event it is held liable to Plaintiffs, any such liability is expressly denied herein, and any other co-defendants are likewise held liable, Uniroyal is entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of equitable indemnity and comparative contribution.

## NINETY-FIRST DEFENSE

Uniroyal alleges, in the alternative, that Plaintiffs' injuries are indivisible injuries. To the extent that Plaintiffs have received benefits from certain collateral sources and have been made whole, in any way, such recovery serves as a bar to any indivisible injuries of Plaintiffs.

## NINETY-SECOND DEFENSE

Plaintiffs herein lack legal capacity to sue and is not a real party in interest and thereby is precluded from any recovery whatsoever as prayed for therein.

## NINETY-THIRD DEFENSE

Uniroyal denies any known liability.

## NINETY-FOURTH DEFENSE

Uniroyal denies the applicability of product liability law to this litigation.

<u>NINETY-FIFTH DEFENSE</u>

Plaintiffs' claims are barred, or at the very least, the damages to which Plaintiffs are entitled are reduced by virtue of the doctrine of avoidable consequences.

<u>NINETY-SIXTH DEFENSE</u>

The Complaint, and each cause of action asserted therein, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted a claim for relief, which, if granted, would contravene Uniroyal's constitutional rights to substantive and procedural due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution.

<u>NINTEY-SEVENTH DEFENSE</u>

The Complaint, and each cause of action asserted therein, fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of Uniroyal's constitutional right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution.

<u>NINETY-EIGHTH DEFENSE</u>

The Complaint, and each cause of action asserted therein, to the extent that there is a lack of identification of the manufacturer, and contractor using or distribution certain alleged injury-causing products, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if granted, would constitute the taking of private property for public use without just compensation in contravention as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the Constitution of Alabama of 1901, and the applicable Alabama statutes.

## NINETY-NINTH DEFENSE

The process by which the Complaint, and each and every cause of action asserted therein, is adjudicated, including certain pre-trial discovery procedures and any grouping of this case during discovery or at trial with the claims of other individuals violates procedural and substantive due process and the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and constitutes an unreasonable burden on interstate commerce as prohibited by Article I, Section 8 of the United States Constitution.

## ONE HUNDRETH DEFENSE

Uniroyal alleges that to the extent the Court decides that punitive damages should be awarded in this case, which this Defendant specifically denies, then the damages must be based upon a finding of intentional, malicious, and conscious criminal misconduct by Uniroyal. Any awarding of damages based upon a lesser standard would be a violation of Uniroyal's rights to due process of law under both the State and Federal Constitutions.

## ONE HUNDRED AND FIRST DEFENSE

Uniroyal alleges that to the extent punitive damages are permissible, which this Defendant specifically denies, Uniroyal is entitled to a bifurcated trial on any punitive damages claims against it.

## ONE HUNDRED AND SECOND DEFENSE

Uniroyal hereby reserves the right to supplement its affirmative defenses at any time prior to trial.

AND NO, having fully answered Plaintiffs' Complaint, and having set forth its affirmative defenses, Uniroyal prays to be dismissed with its reasonable costs.

**ANSWER OF UNIROYAL HOLDING, INC.
TO ALL CROSS-CLAIMS OF DEFENDANTS ASSERTING
CROSS-CLAIMS OR WHO MAY ASSERT CROSS-CLAIMS**

The Defendant, Uniroyal Holding, Inc., files this its answer to all cross-claims and states as follows:

### FIRST DEFENSE

Each and every cross-claim filed herein fails to state a cause of action against Uniroyal upon which relief may be granted.

### SECOND DEFENSE

Uniroyal denies each and every allegation against it contained in each and every cross-claim filed herein.

### THIRD DEFENSE

Uniroyal adopts and incorporates herein by reference each and every responsive pleading and affirmative defense as set forth in its Answer to the Complaint as if fully set forth herein.

### FOURTH DEFENSE

Those defendants filing cross-claims have no cause of action for contribution and/or indemnification against Uniroyal.

WHEREFORE, having fully answered Plaintiffs' Complaint and all cross-claims of Defendants asserting cross-claims or who may assert cross-claims, Uniroyal prays for a dismissal of the Complaint, with prejudice, and for its costs, and such other general or special relief as this Court deems appropriate.

ACCORDINGLY, Uniroyal demands that Plaintiffs' Complaint be dismissed as against it will all costs assessed to Plaintiff.

RESPECTFULLY SUBMITTED, this the 14th day of August, 2007.

//s// Laura D. Goodson
LAURA D. GOODSON (GOO38)
JENNIFER M. STUDEBAKER

ATTORNEYS FOR UNIROYAL
HOLDING, INC.

OF COUNSEL:

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**
200 South Lamar Street
City Centre Building, Suite 100
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601)960-8613

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2007, I electronically filed the

foregoing Answer to the Complaint, by Defendant, Uniroyal Holding, Inc., with the Clerk

of the Court using the AlaFile system which will send notification of such filing to all

Counsel of Record and I hereby certify that a true and correct copy of the foregoing was

also served upon the counsel for Plaintiffs by United States first-class mail, postage

prepaid at the following address:

G. Patterson Keahey, Esq.
Law Office of G. Patterson Keahey
One Independence Plaza, Suite 612
Birmingham, AL 35209

//s// Laura D. Goodson
LAURA D. GOODSON (GOO38)

- 35 -