IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GRADY O. HUMPHREYS, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| ) | 2:07CV607-WKW |
| vs. ) | |
| ) | |
| ASBESTOS DEFENDANTS: ) | |
| ) | |
| A.O. SMITH ELECTRICAL PRODUCTS ) | |
| COMPANY, a division of A.O. SMITH ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF TAG-ALONG ACTION**

NOW COMES SQUARE D COMPANY ("SQUARE D") for itself and, to the extent necessary, on behalf of a purported party Defendant[1] incorrectly designated as "Schneider Electric Industries, S.A.S., North American Division" (a fictitious name that does not exist as an entity under the laws of any state or foreign jurisdiction), and hereby submits this, its Notice of Tag-Along Action, and shows the Court as follows:

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to

---

[1] The summons for "Schneider Electric Industries, S.A.S., North American Division" was served on Square D Company at its principal place of business in Palatine, Illinois. Although Square D Company is listed as a Defendant in this case, service of a summons addressed specifically to Square D Company has apparently not yet been attempted or made. Nonetheless, inasmuch as "Schneider Electric" is, among others, a brand name used by Square D Company and because "Schneider Electric Industries, S.A.S., North American Division" is not a legal entity capable of being sued, Square D Company hereby responds to this suit pursuant to Rules 8 and 9 of the *Federal Rules of Civil Procedure*; nonetheless, to the extent that it may ultimately be determined that this position misapprehends the circumstances or is otherwise in error based on law or on fact, all Rule 12 defenses are hereby specifically reserved.

2

"tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either: (1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or (2) file an order to show cause why the action should not be transferred, pursuant to MDL Rules 7.5(b) and 7.3.

          s/Gary W. Fillingim
          Edward B. McDonough, Jr. (MCDOE0149)
          Gary W. Fillingim (FILLG1161)
          Attorneys for Defendant,
          SQUARE D COMPANY

OF COUNSEL:
EDWARD B. McDONOUGH, JR., P.C.
Post Office Box 1943
Mobile, AL 36633
(251) 432-3296 - telephone
(251) 432-3300 - facsimile
ebm@emcdonoughlaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of August, 2007, the foregoing, together with copies of the docket sheet and complaint, has been sent via overnight mail to:

Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

    I further certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

    s/Gary W. Fillingim
    Gary W. Fillingim