THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GRADY O. HUMPHREYS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 07-CV-607-WKW |
| | ) |
| A.O. SMITH ELECTRICAL PRODUCTS COMPANY, a division of A.O. SMITH CORPORATION; et al., | ) ) ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT CLARK-RELIANCE CORPORATION'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW, the Defendant, Clark-Reliance Corporation, and, reserving all rights and additional defenses, respectfully moves the Court to dismiss the complaint against it for failure to state a claim against this Defendant. In the alternative, this Defendant moves for an Order requiring Plaintiffs to provide a more definite statement of Plaintiffs' claims against this Defendant. This Defendant makes this motion pursuant to Rules 9(b), 9(f), 12(b)(6) and, alternatively, 12(e) of the Fed. R. Civ. P., and as grounds therefore offers the following:

**I.     Introduction**

In Plaintiffs' complaint, the Plaintiffs claim that they or their decedents suffered injury from exposure to asbestos. The Plaintiffs bring the complaint against eighty (80) Defendants, including Clark-Reliance Corporation.[1] In the seventy-five page complaint, the Plaintiffs mention this Defendant only in the style and one brief reference on page 22. Plaintiffs have failed to identify the time, place and nature of Clark-Reliance Corporation's involvement, if any, that gives rise to this lawsuit. In short, the Plaintiffs have failed to set forth any facts that would put this Defendant on

---

[1] The complaint contains five counts, all related to alleged asbestos exposure. Count One alleges violations of the Alabama Manufacturer's Liability Doctrine. Counts Two and Three, allege Negligence and Intentional Tort. Count Four alleges Fraudulent Concealment/Misrepresentation/Alteration of Medical Studies/Conspiracy/Aiding and Abetting Conspiracy. Count Five alleges Product Liability, Combined and Concurring Negligence, Intentional Tort and Conspiracy.

notice as to the alleged transactions or occurrences that support the Plaintiffs' broad allegations. This Defendant cannot properly respond to a complaint that is so vague. As such, the Plaintiffs' complaint is due to be dismissed for failure to comply with the Federal Rules of Civil Procedure.

Alternatively, Plaintiffs should be required to provide this Defendant with a more definite statement of their claims.

## II.   Plaintiffs' Complaint is Due to be dismissed for Failure to Comply with Rules 8 and 10, *Federal Rules of Civil Procedure*

Rule 8(a) Federal Rules of Civil Procedure, requires the Plaintiffs to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). "[I]t is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining... " Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 501 (5th Cir. 1959).

Rule 10(b) of the Federal Rules of Civil Procedure further requires that: "Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

As previously stated, Plaintiffs have alleged generally that the Plaintiffs or their decedents were exposed to asbestos or asbestos products. However, the Plaintiffs have failed to identify the transaction or occurrence which formed the basis of their claims against this particular Defendant. Further, the Plaintiffs have failed to identify the time, place, and nature of this Defendant's alleged conduct which could possibly give rise to Plaintiffs' claims for products liability. Additionally, the Plaintiffs have failed to identify when the Plaintiffs' or their decedents' alleged exposure took place and the basic circumstances of said exposure.

Indeed, the Plaintiffs' complaint fails to set forth the facts sufficient for this Defendant to frame a proper defense. Here, the complaint forces the Defendant to guess what it has allegedly done to injure the Plaintiffs or their decedents, and to further guess when, where and how the

alleged injuries took place.

Accordingly, Plaintiffs' complaint is due to be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

### III. Alternatively, Plaintiffs Should be Required to Provide a more Definite Statement of the Claims in Accordance with Rules 12(e), *Federal Rules of Civil Procedure*

Under Rule 12(e), plaintiffs should be required to re-plead their complaint with more information if the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Plaintiffs' complaint is too vague and does not provide sufficient information about the allegations in order for this Defendant to frame a responsive pleading. It is well-recognized that intertwining multiple, distinct legal claims in a single count undercuts a defendant's ability to adequately prepare a responsible pleading, and therefore the Plaintiffs should be required to re-plead their complaint in these instances. See Patterson v. Leyden, 947 F. Supp. 1211, 1214 (N.D. Ill. 1996) (ordering plaintiff to re-plead complaint where he improperly combined multiple claims in a single count); Perez v. Radioshack Corp., No. 1-5095-CIV-Seitz, 2002 WL 1335158, at *2 (S.D. Fla. Apr. 23, 2002) (requiring plaintiff to re-plead where he commingled multiple legal theories into each count of complaint). Thus, the Plaintiffs in this action should be required to re-plead so that the complaint clearly sets forth only one cause of action per count.

In addition, the Plaintiffs' complaint is essentially no more than an example of a "shotgun pleading" which is clearly disfavored by the Eleventh Circuit. GJR Investments, Inc., v. County of Escambia, Florida, 132 F.3d 1359 (11th Cir. 1998); Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364 (11th Cir. 1996); BMC Industries, Inc. v. Barth Industries, Inc., 160 F.3d 1322 (11th Cir. 1998); Pelletier v. Zweifel, 921 F.2d 1465 (11th Cir. 1991). In this District, Judge Karon Bowdre recently held that this type of complaint exemplified the type of shotgun pleading which the courts should discourage. In Sidney S. Chancellor and John L. Parker v. Air Liquide America Core City, 04-BE-2554-S, Judge Bowdre was presented with a complaint against some 75 defendants that were sued for injuries which allegedly resulted from plaintiffs'

exposure to silica. In dismissing the <u>Chancellor</u> complaint, *sua sponte* Judge Bowdre noted:

> Although the complaint alleges generally that different groups of defendants negligently manufactured equipment, failed to warn, etc., the complaint forces the defendants to guess what each may have done to injure the plaintiffs, and when, where, and how. All seventy-five defendants must therefore answer with abandon, pleading every conceivable affirmative defense while simultaneously risking the possibility that they may inadvertently fail to plead the one good defense relative to whatever as-yet-unknown specific claims against them discovery may reveal.

As a result, the plaintiffs were ordered to re-file a complaint complying with all of the pleading requirements of the Federal Rules of Civil Procedure.

Judge Bowdre is not alone in characterizing complaints such as the one *sub judice* as a shotgun pleading which should be dismissed with leave to re-file. Recently, the Supreme Court of Mississippi held that a similar asbestos complaint failed to properly plead its claims. Specifically, 264 plaintiffs were joined in a suit against 137 defendants alleging exposure to asbestos over a 75 year period of time. See <u>Harold's Auto Parts, Inc. V. Flower Mangialardi</u>, 889 So. 2d 493 (Miss. 2004). The specific issue before the court was whether the plaintiffs had been properly joined. <u>Id</u>. In arguing that joinder was improper, the defendants maintained that the complaint did not provide them with enough information ("core information") from which to determine whether joinder was proper. <u>Id</u>. at 494. The defendants further argued that without certain basic information regarding which product each plaintiff was exposed, at what particular time, and at what particular location, the defendants were unable to make an informed decision on whether joinder was proper. <u>Id</u>. The court ultimately agreed with the defendants and remanded the case to the underlying circuit court, instructing that the circuit court order plaintiffs to provide the necessary information. <u>Id</u>. at 495. More importantly for present purposes, however, the court stated that the issue of joinder was <u>not</u> the crucial determination which drove its overall decision. The court stated:

> We find that all [the plaintiffs counsel and defendants' counsel] have missed the mark [in arguing that Rule 20 disposes of the issue]. This matter should not be before us because of the failure to comply with Rule 20 (Mississippi Permissive Joinder Rule) but rather because of an abuse of, and failure to comply with Rules 8, 9, 10, 11. What is referred to as "core information" and "disclosure" is basic information which should be known to plaintiffs' counsel *prior* to filing the complaint, not information to be developed in discovery or disclosure. The information should have been included in the complaint.

Id. at 494 (emphasis in original).

Plaintiffs' present complaint amounts to nothing more than a "shotgun" pleading similar to those filed in the Chancellor and Mangialardi cases and should be dismissed with leave for Plaintiffs to file a more definite statement.

### III.   Additional Affirmative Defenses

1. Plaintiffs' claims should be dismissed for additional reasons, including failure of the complaint to state claims for which relief may be granted.

2. This Defendant also expressly makes and reserves all defenses regarding jurisdiction, both personal and subject matter.

3. This Defendant also expressly makes and reserves all defenses regarding venue.

### IV.   Conclusion

In consideration of the foregoing premises, this Defendant respectfully requests that the Court dismiss the Plaintiffs' complaint against it for failure to comply with the Federal Rules of Civil Procedure. This Defendant adopts and incorporates by reference all other arguments set forth by the other named Defendants in their respective non-summary judgment motions.

s/Connie Ray Stockham
Connie Ray Stockham
State Bar No. STO040
Attorney for Clark-Reliance Corporation
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: crs@stockhampc.com

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GRADY O. HUMPHREYS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 07-CV--WKW |
| ) | |
| A.O. SMITH ELECTRICAL PRODUCTS ) | |
| COMPANY, a division of A.O. SMITH ) | |
| CORPORATION; et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 17, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the attorneys of record.

                                        s/Connie Ray Stockham
                                        Connie Ray Stockham
                                        State Bar No.STO040
                                        Attorney for Clark-Reliance Corporation
                                        Stockham, Carroll & Smith, P.C.
                                        2204 Lakeshore Drive, Suite 114
                                        Birmingham, Alabama 35209
                                        Telephone (205) 252-2889
                                        Fax: (205) 879-9990
                                        E-Mail: crs@stockhampc.com