IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GRADY O. HUMPHREYS, et al., | ) | |
| | ) | Civil Action No. |
| Plaintiffs, | ) | |
| | ) | 2:07-CV-607-WKW |
| v. | ) | |
| | ) | |
| A.O. SMITH ELECTRICAL PRODUCTS COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT
THE GOODYEAR TIRE & RUBBER COMPANY
TO PLAINTIFFS' COMPLAINT**

Defendant, The Goodyear Tire & Rubber Company, answers the Complaint of the Plaintiffs as follows:

**Responses to Specific Allegations of the Complaint**

To the specific numbered paragraphs of the Complaint, this defendant answers as follows:

1-9.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the citizenship, residency, employment history and medical conditions of each Plaintiff and they are, therefore, denied. Defendant denies that the Plaintiffs and/or Plaintiffs' decedents were exposed to any asbestos from any product allegedly manufactured or distributed by this defendant and denies all other averments directed toward it.

10.   Defendant incorporates its responses to paragraphs 1-9, above.

11-12.   Insofar as the averment of paragraphs 11-12 are directed to this defendant, they are denied. Defendant denies that is produced, manufactured, or sold any product containing asbestos that allegedly was used at the plaintiffs' work sites. Defendant denies the remaining averments of paragraphs 11-12.

13-49.    None of the averments of paragraphs 13-49 are directed to this defendant. To the extent that any paragraphs can be construed as making averments against this defendant, they are denied.

50.    Defendant admits that it is a corporation organized under the laws of a state other than Alabama and with its principal place of business in a state other than Alabama. Defendant denies all remaining averments of paragraph 50 directed to it and further denies that the Court has subject matter jurisdiction.

51-97.    None of the averments of paragraphs 51-97 are directed to this defendant. To the extent that any paragraphs can be construed as making averments against this defendant, they are denied.

98.    Defendant incorporates its responses to paragraphs 1-97, above.

99-103.    Defendant denies the averments of paragraphs 99-103 and all subparts thereto to the extent they are directed to this defendant.

104.    Defendant incorporates its responses to paragraphs 1-103, above.

105-108.    Defendant denies the averments of paragraphs 105-108 and all subparts thereto to the extent they are directed to this defendant.

109.    Defendant incorporates its responses to paragraphs 1-108, above.

110-121.    Defendant denies the averments of paragraphs 110-121 and all subparts thereto to the extent they are directed to this defendant.

122.    Defendant incorporates its responses to paragraphs 1-121, above.

123-128.    Defendant denies the averments of paragraphs 123-128 and all subparts thereto to the extent they are directed to this defendant.

129-144.    Defendant denies the averments of paragraphs 129-144 and all subparts thereto to the extent they are directed to this defendant.

145.    Defendant incorporates its responses to paragraphs 1-144, above.

146-148.    Defendant denies the averments of paragraphs 146-148 and all subparts thereto to the extent they are directed to this defendant.

## Affirmative Defenses

### First Defense

The Complaint and each count thereof fail to state a claim upon which relief may be granted against this defendant.

### Second Defense

This defendant denies each and every allegation of the Complaint and demands strict proof thereof.

### Third Defense

Plaintiffs' claims, separately and severally, are barred by the applicable statute of limitations.

### Fourth Defense

Plaintiffs' claims, separately and severally, are barred by the doctrines of laches, estoppel, and waiver.

### Fifth Defense

No act or omission of this defendant was the proximate cause of any injury to Plaintiffs.

### Sixth Defense

Plaintiffs and/or their decedents were guilty of negligence that contributed to the cause of their alleged injuries.

## Seventh Defense

Plaintiffs and/or their decedents assumed the risk of any hazard that caused their alleged injuries.

## Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged product complied with all applicable laws and regulations to which the product was in any way subject.

## Ninth Defense

Defendant had no duty to warn the Plaintiffs about possible dangers, if any, which were known to the Plaintiffs, their decedents, their employers, and/or their relatives' employers who were sophisticated and knowledgeable consumers.

## Tenth Defense

Defendant pleads the sophisticated user and learned intermediary defenses.

## Eleventh Defense

After any product left the possession and control of this defendant, and without this defendant's knowledge or approval, the product was redesigned, modified, altered, or subjected to treatment that substantially changed its character. Any alleged defect in the product resulted, if at all, from the redesigned, modification, alteration, treatment, or other change of the product after this defendant relinquished possession and control over such product.

## Twelfth Defense

If Plaintiffs should prove that they sustained injuries, an allegation which defendant denies, such injuries resulted from acts or omissions on the part of third parties over whom defendant had neither control nor right of control or from superseding and intervening causes.

### Thirteenth Defense

This defendant did not act in concert with any other defendant in this action. Therefore, this defendant cannot be considered a joint tortfeasor with respect to any defendant under any theory of law.

### Fourteenth Defense

Plaintiffs' claims for punitive damages are barred by Ala. Code § 6-11-20.

### Fifteenth Defense

Plaintiffs' claims for punitive damages are limited by Ala. Code § 6-11-21.

### Sixteenth Defense

Plaintiffs have not suffered a compensable injury.

### Seventeenth Defense

This defendant is entitled to a set-off or credit for any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

### Eighteenth Defense

Plaintiffs have failed to join certain indispensable parties necessary for a just adjudication.

### Nineteenth Defense

Plaintiffs lack standing to bring the Complaint.

### Twentieth Defense

Defendant pleads improper joinder of claims.

### Twenty-First Defense

Plaintiffs' claims are barred by the common law rule of repose.

### Twenty-Second Defense

The allegations against this defendant, regarding asbestos products with which it allegedly has a legal connection, must be evaluated according to the state of the medical and industrial art and the state of the law existing at the pertinent time. This defendant invokes all state-of-the-art defenses applicable to Plaintiffs' claims.

### Twenty-Third Defense

The alleged injuries and damages of Plaintiffs are the sole and proximate consequence of misuse, abnormal use or improper use of some or all of the products referred to in the Complaint. Further, Plaintiffs failed to observe and use ordinary care and caution for their own safety, having the same degree of actual and/ or constructive knowledge available to this defendant at the time and place of the alleged injuries.

### Twenty-Fourth Defense

The lack of sufficient standards governing punitive damages awards violates the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of Article I, Section 6, of the Constitution of Alabama.

### Twenty-Fifth Defense

There should be no recovery against this defendant based on the Alabama Extended Manufacturer's Liability Doctrine because any culpable conduct of this defendant, the existence of which is denied, occurred prior to the recognition of the Alabama Extended Manufacturer's Liability Doctrine. Any attempt to impose liability upon this defendant for conduct which occurred prior to the recognition of this doctrine would violate separately and jointly: the Fifth, Tenth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 7 of the Constitution of the State of Alabama of 1901.

### Twenty-Sixth Defense

There should be no recovery against this defendant based on the Alabama Extended Manufacturer's Liability Doctrine because there is no causal relation between the activities of this defendant and the injuries of which the Plaintiffs complain.

### Twenty-Seventh Defense

There should be no recovery against this defendant under any theory of enterprise liability, concert of action and/ or alternative liability because such theories of recovery are not recognized under the laws of the State of Alabama.

### Twenty-Eighth Defense

There should be no recovery against this defendant because, as a matter of law, the imposition of liability under the Alabama Extended Manufacturer's Liability Doctrine or under any theory of implied or expressed warranty, separately or jointly, would operate as an ex post facto imposition of legal liability and duty, and thus would violate this defendant's constitutional rights under:

- A. The Eighth Amendment of the Constitution of the United States,
- B. The Fourteenth Amendment of the Constitution of the United States,
- C. The Fifth Amendment of the Constitution of the United States,
- D. The Tenth Amendment of the Constitution of the United States,
- E. Article I, Section 15, of the Constitution of Alabama of 1901,
- F. Article I, Section 7, of the Constitution of Alabama of 1901,
- G. Such an imposition of liability and/ or duty operates as an ex post facto law in express violation of Article I, Section 10, of the United States Constitution.

H. The retrospective application of the Alabama Extended Manufacturer's Liability Doctrine to impose a legal duty and/ or liability without notice would be an act that is in express contravention of the Fifth and Fourteenth Amendments to the United States Constitution.

I. To the extent that recovery is had and money actually paid by this defendant, this defendant would be deprived of its property, without due process of law, in express violation of the Fifth and Fourteenth Amendment of the Constitution of the United States.

## Twenty-Ninth Defense

There should be no recovery against this defendant under any failure to warn or inadequacy of warnings theory because, at all times pertinent to the claims, Plaintiffs were possessed or should have been possessed of good, sufficient and adequate knowledge which negated any need for any warning and/ or the Plaintiffs were required to follow specific written safety procedures as established by the employer which negated the need or requirement for any such warning.

## Thirtieth Defense

Plaintiffs' claims for punitive damages violate the due process clause of the Fifth and Fourteenth Amendments and the Excessive Fines clause of the Eighth Amendment of the United States Constitution. Moreover, an award of punitive damages against this defendant would violate its rights under the Sixth Amendment and the Interstate Commerce clause of Article One, Section Eight of the United States Constitution.

### Thirty-First Defense

Plaintiffs' claims for punitive damages violate the due process clause of Section Six of Article One of the Alabama Constitution, as well as the prohibition against impairing the obligations of contracts in Section Twenty-two of Article One of the Alabama Constitution.

### Thirty-Second Defense

Plaintiffs' claims are barred by *res judicata*, release, and/or accord and satisfaction.

### Thirty-Third Defense

Plaintiffs have failed to mitigate their alleged damages.

### Thirty-Fourth Defense

Defendant denies that the Plaintiffs are entitled to the damages of the nature, type and/or amount sought in the Complaint.

### Thirty-Fifth Defense

Discovery may reveal that the alleged injuries and damages of Plaintiffs and Plaintiffs' decedents resulted from a pre-existing condition, disease or infirmity for which this Defendant is not liable, and this defense is reserved pending full discovery.

### Thirty-Sixth Defense

Plaintiffs' claims, separately and severally, are preempted by applicable federal laws and regulations.

### Thirty-Seventh Defense

Plaintiffs' claims, separately and severally, are barred and/or due to be dismissed if evidence reveals the existence of prior pending actions or if the Plaintiffs have impermissibly split their causes of action.

## Thirty-Eighth Defense

Defendant pleads improper venue.

## Thirty-Ninth Defense

Defendant reserves the right to assert any additional defenses in matters in avoidance which may be disclosed during the course of additional investigation and discovery.

/s/ William L. Waudby
One of the Attorneys for Defendant,
The Goodyear Tire & Rubber Company

Of Counsel:
William L. Waudby
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
420 North 20th Street, Suite 1600
Birmingham, Alabama 35203
bwaudby@bakerdonelson.com
(205) 244-3894 – direct telephone
(205) 488-3737 – direct fax

## Certificate of Service

I hereby certify that on February 12, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to counsel of record.

/s/ William L. Waudby
Of Counsel