IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| GRADY O. HUMPHREYS, et.al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-CV-607-WKW |
| ) | |
| A.O. SMITH ELECTRICAL ) | |
| PRODUCTS COMPANY, et.al, ) | |
| ) | |
| Defendants. ) | |

**AMERICAN OPTICAL CORPORATION'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE
STATEMENT AND/OR MOTION FOR SEVERANCE AND
MEMORANDUM BRIEF IN SUPPORT THEREOF**

COMES NOW Defendant designated as American Optical Corporation (hereinafter sometimes referred to as "AOC") by and through its attorney of record and moves this Court for relief pursuant to Federal Rules Civil Procedure 9(b)(12)(b)(6), 12(c) and 12(e). [1] In support thereof AOC states as follows:

---

[1] AOC further adopts and specifically incorporates as if fully set forth herein, those authorities and arguments asserted by Co-Defendants' Motion to Dismiss to include but limited to P&H Mining & Harnishcfeger Corporation (Doc.77); Kelly-Moore Paint Company, Inc. (Doc.82); Warren Pumps, Inc. (Doc.91); A.O. Smith Corporation & A.O. Smith Electrical Product Company (Doc.95); John Crane, Inc. (Doc.101); Sepco Corporation (Doc.102); General Electric Company (Doc.113); Honeywell, Inc. (Doc.115); Georgia Pacific Corporation (Doc.117); United States Steel Corporation (Doc.118); FMC Corporation (Doc.119); Bondex International, Inc. (Doc.137); Crane Company (Doc.140); Borg-Warner Corporation Exteco, Inc. f/k/a Thermo Folec Company & The Marley-Wylain Company d/b/a Weil-McLain Company, Inc. (Doc.143); Brandon Drying Fabrics, Inc. f/k/a Brandon Sales Company, Inc. (Doc.149); Goulds Pumps, Inc. (Doc.153); Clark-Reliance Corporation (Doc.172); Crane Pumps & Systems, Inc. (Doc.177); Thiem Corporation (Doc.183); Rapid American Corporation (Doc.213).

**INTRODUCTION AND PROCEDURAL HISTORY**

This personal injury action involves the claims of nine (9) Plaintiffs against eighty (80) Defendants, including American Optical Corporation. Plaintiffs and/or Plaintiff's Decedents are or were residents of Mississippi and Alabama. [Complaint, ¶¶ 1-9] Generally the Plaintiffs contend that they or their decedents have been "continually exposes to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by Defendants..." [Complaint, ¶¶ 1-9] Plaintiffs contend, without specificity, that they or their Decedents worked around "furnaces, boilers, turbines, and other industrial equipment in his work place, which contains significant amount of asbestos-containing products and materials." [Id.]

**ARGUMENT**

I. **Plaintiffs' Complaint Fails to State a Claim Upon Which Relief May be Granted Pursuant to Rule 12(b)(6), 8(a), and 10(b), Federal Rules of Civil Procedure.**

FRCP 8(a) requires a plaintiff to plead "a short and plain statement of the claims showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Rule 8(e), Fed.R.Civ.P. "It is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining..." Hoshman v. Esso Standard Oil Co., 263 F.2d 499, 501 (5th Cir. 1959) (citations omitted). A plaintiff may not merely "label his or her claims" to survive a Motion to Dismiss, but must give the defendant fair notice of the claims and grounds upon which they rest. Veltman v. Walpole Pharmacy,

Inc., 928 F.Supp. 1161 (M.D.Fla. 1996) (*see also*, Williams v. Lear Operations Corporation, 73 F.Supp 1377 (N.D.Ga. 1999). "[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a Motion to Dismiss." Jefferson v. Lead Industries Ass'n, Inc., 106 F.3d 1245, 1250 (5th Cir. 1997) (citations omitted); *see also* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. 2007) (factual allegations must be enough to raise a right to relief above the speculative level). Where a plaintiff's complaint fails to support any claims as to the defendants, it is proper to dismiss the defendants from the action.

In this matter, the Plaintiffs have failed to meet their burden and have chosen instead to employ the "shotgun" approach to pleading which is disfavored by the judiciary. *See* Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). In Magluta, the Court described a shotgun complaint as one that ignores the requirements of a "short and plain statement." Id. Instead, the shotgun complaint identifies multiple defendants and charges each defendant with the same conduct, "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained." Id. The present Complaint does exactly what the Eleventh Circuit has repeatedly condemned.

In Sidney Chancellor, et.al. v. Air Liquide America Corp., et.al., Case No. CV-04-BE-2554-S (ND.Ala., October 8, 2004), (unpublished) Judge Karen O. Bowdre *sua sponte* dismissed a similar shotgun complaint, without prejudice. Chief among her reasons included the failure to state a claim upon which relief could be granted and failure to plead with the

required particularity. Judge Bowdre stated that the complaint, "[a]t best....suggests only that plaintiffs have respiratory illness, that Plaintiffs were exposed to silica during all or part of [their] working lives...while working at various work sites in Alabama and other states, and that all seventy-five named defendants were in some way participants in the sand blasting industry. Id. at 2. Furthermore, "the Complaint forces the defendants to guess at what they each may have done to injury the Plaintiffs, and when, where and how." Id. In holding that dismissal was the correct approach, the Court stated, "[t]he Court is acutely aware of its duty to dispose of shotgun Complaints at the earliest opportunity...rather than wait until justice has been obstructed by the inadequacies of this Complaint 'scarce judicial and para judicial resources' are further wasted. The Court *sua sponte* dismissed each case as to all defendants without prejudice and with leave to re-file a Complaint that complies with all of the requirements of the Federal Rules of Civil Procedure. Id. at 2-3. [*See* Order of Dismissal attached hereto as Exhibit 1]

Chief Judge U.W. Clemons in the Northern District of Alabama similarly ordered the *sua sponte* dismissal of Skip Palmer, et.al., v. Aearo Corp., et.al., Case No. 7.04-CV-3262-U.W.C. (N.D.Ala. May 31, 2005) (unpublished). Chief Judge Clemon noted:

> Neither the defendants nor the Court can discern from plaintiff's Complaint a fair idea of what the plaintiffs are complaining. The Complaint suggests that the plaintiff's have occupational lung disease, that plaintiffs were exposed to silica "while working at various work-sites in Alabama," and that all twenty-three (23) defendants in someway participated in the sandblasting industry. However, it is not clear what defendants produced which products, and the resulting causes of action related to those products.

> The Complaint alleges that different groups of defendants negligently manufactured equipment, failed to inform of possible danger, *etc*. However, the Complaint does not state when, where, or how the defendants have injured the plaintiffs. Furthermore, the plaintiffs do not explain which causes of action apply to which defendants. Therefore, the plaintiffs do not allow the defendants to adequately defend themselves in response to the Complaint.

Id. [*See* Order of Dismissal which is attached hereto as Exhibit 2]

The absence of any specific acts, conduct, or factual allegations directed against a named defendant entitles that defendant to have the Complaint dismissed against it. Clark v. Sierra, 837 F.Supp. 1179, 1982 (M.D.Fla. 1993); Potter v. Clarke, 497 F.2d 1206, 1207 (7th Cir. 1974). In this case, the plaintiffs generically name numerous products allegedly manufactured by eighty defendants, which might have caused, directly or indirectly, harm to the plaintiffs or their decedents. Like Chancellor and Palmer, the vague nature of the Complaint forces all of the defendants, including AOC, to guess "what each may have done to injury the plaintiffs, and when, where and how."

Although the Complaint lists vague descriptions of products produced or distributed by the defendants, it fails to make clear "the resulting causes of action related to those products." In short, the plaintiffs have failed to provide sufficient detail "so that the defendant[s], and the Court can obtain a fair idea of what the plaintiffs are complaining, and can see that there is some legal basis for the recovery. Because plaintiffs' Complaint fails to provide a short and plain statement of plaintiffs' claims, it fails to state a claim upon which relief may be granted and is due to be dismissed.

The disjointed and shotgun approach to pleading taken by plaintiffs is clearly

inadequate to satisfy their burden.  Beginning in Paragraph 12 of the Complaint, plaintiff uses the label "Producer Defendants" to refer to the defendants named therein, including AOC, stating, [t]he asbestos-containing products produced by each defendant that had been identified at plaintiff's workplace during their employment years there, are set out herein below."  First, defendants have no idea to which plaintiffs the word "their" refers to in the Complaint as there are nine named plaintiffs.  Plaintiffs' list generic products by type for certain defendants, including the allegation that AOC produced "protective covering." [Complaint ¶17] Unfortunately, there is absolutely no information to apprise AOC as to which work place, let alone the period of employment, a particular plaintiff is referring to nor how, when or where the plaintiffs or their decedents were allegedly exposed to a specific product of a AOC.

Furthermore, the remaining Paragraphs of the Complaint merely allege five causes of action against the "defendants."  AOC is not specifically identified, other than generically as "defendants", in any of the alleged causes of action.  A Plaintiff may not conjure a hodgepodge of legal theories and labels, call it a complaint and survive a Motion to Dismiss. Instead, he/she must give the defendant fair notice of the claims and the grounds upon which they rest.  Veltman, supra; Williams, supra.  For this very reason, Chief Judge U.W. Clemon previously dismissed the case of Vera Beavers, et.al., v. V.A.O. Smith Electrical Products Company, et.al., Case No. 2:06-CV-899-UWC (N.D.Ala. May , 2006).  In particular, Chief Judge Clemon noted that the plaintiffs' Complaint did "not specifically link specific causes

of action to a specific defendant." [2] [*See* Order of Dismissal and Memorandum Opinion on Motions to Dismiss attached hereto collectively and marked as Exhibit 3]

A complaint which on its face is vague and ambiguous does not constitute a well plead complaint. *See generally* Byrne v. Nezhat, 261 F.3d 1128-1131 (11th Cir. 2001). Plaintiffs' Complaint in the present action miserably fails to satisfy the long standing principals herein above discussed. Consequently, a dismissal is warranted.

II.  **Jimmy C. Johnson's Claim is Barred by the One Year Statute of Limitations.**

Pursuant Ala. Code §6-2-39(repealed in 1980), Alabama had a one year statute of limitations for personal injury actions not resulting in death. This meant that the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger. This rule was changed in 1980, but the Alabama Supreme Court has declared that the change did not apply retroactively. *See* Tyson v. Johns-Mansville Sales Corp., 399 So.2d 263 (Ala. 1981) and Johnson v. Garlock, Inc., 682 So.2d 25, 26-28 (Ala. 1996). Consequently, a personal injury plaintiff who was last exposed to asbestos before May 19, 1979 must bring suit within one year of the last date of exposure. Id. According to the Complaint, Jimmy C. Johnson's last exposure to any asbestos-containing products and materials made the basis of the subject litigation occurred not later than 1974 as a machinist at Reynolds Metals in Sheffield, Alabama. [Complaint ¶5] The previous one year statute of limitations accrued at that point and expired well before May 19, 1979. Jimmy

---

[2] The District Court's dismissal of this action is currently on appeal in the Eleventh Circuit.

C. Johnson failed to assert any personal injury claim within the one year statutory period; therefore, his present claims are barred.

### III. Improper Venue

Title 28 U.S.C.A. §1391 states in part:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiffs allege that this Court has jurisdiction based on diversity of citizenship. [Complaint "Jurisdiction"] Plaintiffs further allege that "Defendants are corporations whose principal places of business are in states other than the State of Alabama." Id. Most if not all of the Plaintiffs identify residency and/or work places which do not fall in the Middle District of Alabama. Since Plaintiffs' claims cannot satisfy the associated venue requirements, venue is improper and/or those Plaintiffs' not having proper venue must be severed and/or dismissed.

### IV. Improper Joinder

Rule 20, Fed.R.Civ.P., provides in pertinent part, that "[a]ll person may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respective of or arising out of the same transaction, occurrence, or series of transactions, or

occurrences and if any question of law or fact, common to all these persons will arise in the action." Here, Plaintiffs generally allege that they or their Decedents have been exposed to asbestos and asbestos-containing products. Plaintiffs failed to allege facts indicating that their right to relief arising out of the transactions or occurrences. Instead, Plaintiffs require the Defendants, and this Court to presume that a common set of facts, or questions of law, form the basis of their claims. Rule 20 requires more than mere presumptions for two or more plaintiffs to join in an action for relief. Indeed, Plaintiffs identify various work sites across the nation having no commonality by location or employment period. Moreover, it is not readily apparent on the face of the Complaint as to whether all or some of particular Defendants' products were at some or all of the alleged work sites or for any given period.

Additionally, the lack of common relief warrants severance of Plaintiffs' claims. The Complaint filed by Plaintiffs is a mix of wrongful death and personal injury claims. It is well settled that wrongful death plaintiffs in Alabama are only entitled to punitive damages and not to compensatory damages available to personal injury plaintiffs. Cherokee Elec. Coop v. Cochran, 769 So.2d 1188, 1193 (Ala. 1997). If nothing else, the wrongful death claims should be severed from the personal injury claims.

### V.  Alternatively, Plaintiffs Should be Required to Provide a More Definite Statement of Their Claims in Accordance with Rule 12(e), Fed.R.Civ.P.

Rule 12(e) provides that "[if] a pleading to which a responsive pleading is permitted is vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he made move for a more definite statement before interposing a responsive

pleading." The law requires specificity such that a defendant is aware of the claims brought against it and is able to file responsive pleadings in good faith. If a petition is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the defendant may file a motion for more definite statement. *See* Sisk v. Texas Park and Wildlife Dept., 644 F.2d 1056, 1059 (5th Cir. 1981). As demonstrated herein above, Plaintiffs' Complaint fails to put AOC on notice as to the transactions or occurrence that form the basis of their claims. Plaintiffs specifically fail to aver any dates, work sites, or facts indicating their alleged use of an AOC product or more specifically, the Complaint wholly fails to identify a particular AOC product. AOC cannot properly respond to such bare allegations. Additionally, personal injury Plaintiffs Pauline M. Matthews... Consequently, AOC is left to plead with abandon in possible violation of its obligations to file a concise responsive pleading.

Moreover, Rule 9(b) Fed.R.Civ.P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." It has been said that this Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Durham v. Business Management Associates, 847 F.2d 1505, 1511 (11th Cir. 1988) (citations omitted). The Eleventh Circuit has readily endorsed the dismissal of pleadings for failure to comply with the requirements of Rule 9(b). *See e.g.* Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194,

1210 (11th Cir. 2001); Hendley v. American National Fire Ins. Co., 842 F.2d 267, 269 (11th Cir. 1988); Friedlander vs. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

In order to satisfy the particularity requires, a plaintiff must aver "(1) precisely what statements were made and what documents or oral representations or what omissions were made; and (2) the time and place of each set statement and the person responsible for making (or in the case of omissions, not making) same; (3) the content of such statements and the manner in which they mislead the plaintiff[], and (4) what the defendant[] obtained as a consequence of the fraud. United States ex rel Clausen v. Lab Corp. of America, 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted). In a case involving multiple defendants, a complaint should inform each defendant of the specific fraudulent acts which formed the basis of plaintiff's claim against that particular defendant. *See* Books v. Blue Cross Blue Shield of Fla., 116, F.3d 1364, 1381 (11th Cir. 1997); *See also* Friedlander v. Nims, 755 F.2d 813 (11th Cir. 1985).

In the present matter Plaintiffs generally allege that the Defendants misrepresented, concealed and/or altered scientific evidence regarding alleged health hazardous of asbestos. However, the Plaintiffs have failed to identify any false statements made by AOC or even the time, place, and individual responsible for such statements. In fact, AOC is not even identified as member of any of the organizations specified in the claim. As a result of Plaintiffs' failure to set forth specific facts as to AOC, the Complaint with respect to the fraud claims is deficient and due to be dismissed for failure to comply with Rule 9(b),

Fed.R.Civ.P.

## VI. Assuming, *Arguendo* Compliance with Rules 8, 9 and 10, Fed.R.Civ.P., Plaintiffs' Complaint is Still Due to be Dismissed for Failure to Adequately Set the Bounds of Discovery.

The "shotgun" style exemplified by the Complaint mandates relief in favor of Defendants. In Byrn v. Nezhat, 261 F.3d 1075 (11th Cir. 2001), the Court identified a "shotgun" pleading as one that fails to set forth sufficient facts to define the underlying issues and claims in the case and, thus, set boundaries for discovery. The Court warned that "shotgun" pleadings, such as Plaintiffs' Complaint caused disproportionally high transaction costs for the parties and impedes the Court's ability to administer justice by "consuming an inordinate amount of the Court's time" in the inevitable discovery disputes. "Justice is [often] delayed, if not denied, to other litigants who are standing in the queue waiting to be heard." Id. at 1130; *see also* Sikes v. Teleline, Inc., 281 F.3d 1350, 1357 (11th Cir. 2002); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

In the case *sub judice*, Plaintiffs fail to delineate specific claims made against AOC from the claims made against other Defendants. The Complaint only generically identifies five causes of action and fails to allege sufficient facts or identify specific AOC product which would put AOC on notice as to the transactions or occurrences which form the basis of their claims. Said deficiencies herein delineated subject AOC and all Defendants to "unchanneled discovery," "impose unwarranted expense on the litigates, the Court and the Court's parajudicial personnel and resources." Such a result is intolerable and exactly the

sort of thing notice pleading is designed to prevent. <u>Cramer</u>, 117 F.3d at 126.

WHEREFORE PREMISES CONSIDERED, AOC respectfully requests this Court to dismiss Plaintiffs' Complaint against AOC. In the alternative, AOC requests the Court to require Plaintiffs to replead the Complaint with the required specificity, sever the claims and transfer to an appropriate venue. AOC reserves all other defenses and claims not herein set out.

Done this the 18th day of February, 2008.

                                      Respectfully submitted,

                                      **s/Freddie N. Harrington, Jr.**
                                      ASB-8773-G37F
                                      SCOTT, SULLIVAN, STREETMAN
                                      & FOX, P.C.
                                      2450 Valleydale Road
                                      Birmingham, Alabama 35244
                                      205-967-9675
                                      FAX: 205-967-7563
                                      fharrington@sssandf.com

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **GRADY O. HUMPHREYS, et.al.,** | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   **Civil Action No.: 2:07-CV-607-WKW** |
| | ) |
| **A.O. SMITH ELECTRICAL PRODUCTS COMPANY, et.al,** | ) |
| | ) |
|     Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: G. Patterson Keahey, Jr., Esq.

Attorneys for Plaintiffs
G. Patterson Keahey, Jr., Esq.
LAW OFFICES OF G. PATTERSON KEAHEY, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
(205) 871-0707

                                Respectfully submitted,

                                **s/Freddie N. Harrington, Jr.**
                                ASB-8773-G37F
                                SCOTT, SULLIVAN, STREETMAN
                                & FOX, P.C.
                                2450 Valleydale Road
                                Birmingham, Alabama 35244
                                205-967-9675
                                FAX: 205-967-7563
                                fharrington@sssandf.com