IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: Asbestos Products Liability Litigation (No. VI); MDL 875

Regarding:
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| GRADY HUMPHREYS, ET AL. | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 2:07-607 |
| | ) | |
| A.O. SMITH ELECTRICAL | ) | |
| PRODUCTS, CO., ET AL. | ) | |
| | ) | |
| DEFENDANTS | ) | |

**BRIEF SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

Come now Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC, Inc.; Exteco, Inc. f/k/a Thermo Electric Co. Inc.; and The Marley-Wylain Company d/b/a Weil-McLain Company, Inc. (hereafter "Moving Defendants") by their respective counsel and submit their brief in support of their Motion for Partial Summary Judgment. As grounds thereof, Moving Defendants would show unto the Court the following:

**I. STATEMENT OF FACTS**

There are nine plaintiffs in this case. Moving Defendants seek summary judgment and dismissals of the claims of three Plaintiffs on two different grounds.

1.      As shown at Exhibit 1, **Kathy Ivey** died on July 23, 2005, in Franklin County, Alabama. As shown at Exhibit 2, no estate had been established for Kathy Ivey as of March 28,

2008. As now more than two years has expired since Ms. Ivey's death, her claims for damages in this suit are barred by the Alabama statute of limitations.

2.     Plaintiff **Jimmy C. Johnson**'s last date of alleged exposure was in 1974. (See Complaint, Paragraph 5). Thus, the "discovery rule" of Ala. Code § 6-2-30(b) does not apply, since his alleged last exposure was prior to May 19, 1979 and his claims for damages in this suit are barred by the Alabama statute of limitations.

3.     As shown at Exhibit 1, **John Wesley Faulker** died on July 4, 2005, in Calhoun County, Alabama. As shown at Exhibit 2, no estate had been established for John Wesley Faulker as of March 27, 2008. As now more than two years has expired since Mr. Faulkner's death, his claims for damages in this suit are barred by the Alabama statute of limitations.

## II.  ARGUMENT AND AUTHORITY

**A.     Only Estate Representatives May Bring Claims for the Deceased; There Was No Estate Established for Two Workers Whose Claims Are Part of this Action.**

Ala. Code § 6-5-410 is the Wrongful Death Statute. Subsection (a) provides that only a personal representative may commence an action for wrongful death. The claims of the following four workers were not timely brought by a personal representative:  Harold Cox, Melvin Evans Mavis, Kelly, and Charles Jones.

A cause of action under the wrongful death statute is vested in the personal representative alone, who acts as an agent of legislative appointment for the purpose of effectuating public policy. *Smith v. Lilley*, 252 Ala. 425, 41 So. 2d 175 (1949); *Downtown Nursing Home, Inc. v. Pool*, 375 So. 2d 465 (Ala. 1979), *cert. denied* 445 U.S. 930, 63 L. Ed. 2d 763, 100 S. Ct. 1318, (1980). "Personal representative" when used in the wrongful death statute means the executor or administrator of the

testator or intestate. *Hatas v. Partin*, 278 Ala. 65, 175 So. 2d 759 (1965); *Smith v. Tribble*, 485 So. 2d 1083 (Ala. 1986).

Except in certain cases involving the death of a minor, an individual cannot maintain a wrongful death action unless the individual has been appointed personal representative of the estate of the deceased whose death is the basis of the wrongful death action. *Buck v. City of Rainsville*, 572 So. 2d 419 (Ala. 1990). Where suit was filed in the names of the husband and child of the adult deceased instead of in the name of an executor or administrator of the estate of the deceased, and no proceedings had been filed in the probate court for the appointment of an executor or an administrator, summary judgment dismissing the action was proper. *Waters v. Hipp*, 600 So. 2d 981 (Ala. 1992).

As shown at Exhibit 1 Kathy Ivey died on July 23, 2005, and John Wesley Faulker died on July 4, 2005. However, no estate has been established for any of these workers. See Affidavits at Exhibit 2. Therefore, as more than two years have passed since these workers died without an estate being established and the personal representative bringing a proper action, their claims should be dismissed due to failure to comply with the statute of limitations.

**B. Plaintiff Jimmy C. Johnson's claims are untimely because the last alleged exposure to asbestos or asbestos-containing products was prior to May 19, 1979.**

Prior to May 19, 1980, Alabama had a one-year statute of limitations for personal injury actions not resulting in death. Ala. Code § 6-2-39 (repealed 1980). Under the law as it existed prior to May 19, 1980, the cause of action accrued and the statute of limitations began to run from the date the injured person was last exposed to the danger, whether or not the full amount of damages or injuries was apparent. *Garrett v. Raytheon Co.*, 368 So. 2d 516, 520 (Ala. 1979); *Cazalas v. Johns-Manville Sales Corp.*, 435 So. 2d 55, 57 (Ala. 1983).

Effective May 19, 1980, the Alabama legislature repealed § 6-2-39 and prospectively enacted a new discovery rule which provides that a personal injury action resulting from asbestos exposure accrues on the date the injured person, through reasonable diligence, should have reason to discover the alleged injury. Ala. Code § 6-2-30(b). However, the Alabama Supreme Court held in *Tyson v. Johns-Manville Sales Corp.*, 399 So. 2d 263 (Ala. 1981), that the "discovery rule" statute of limitations that was enacted in 1980 does not apply retroactively.[1] Therefore, a personal injury plaintiff who last was exposed to asbestos prior to May 19, 1979 must bring suit within one year of the date of last exposure. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 28 (Ala. 1996).

In the present action, Plaintiff Jimmy C. Johnson's last date of alleged exposure was in 1974 in Sheffield, Alabama. (See Complaint, Paragraph 5). Thus, the "discovery rule" of Ala. Code § 6-2-30(b) does not apply, since his alleged last exposure was prior to May 19, 1979. Because suit was not filed until 2007, Plaintiff Jimmy C. Johnson's claims are untimely and due to be dismissed as a matter of law.

### III. CONCLUSION

Based on the foregoing, Moving Defendants respectfully request that this Court enter an Order Granting Partial Summary Judgment to all Defendants, dismissing, with prejudice, the claims of three Plaintiffs against them and as stated in the proposed order attached as Exhibit 4.

---

[1] While the *Garrett* and *Tyson* decisions may be partially superseded by § 6-2-30, these cases are still controlling with regards to claims based on a date of last exposure prior to May 19, 1979. *See Johnson v. Garlock, Inc.*, 682 So. 2d 25, 28 (Ala. 1996).

        Respectfully submitted,

        BORG-WARNER CORPORATION BY ITS SUCCESSOR IN INTEREST, BORGWARNER MORSE TEC, INC.; EXTECO, INC. F/K/A THERMO ELECTRIC CO. INC.; and THE MARLEY-WYLAIN COMPANY D/B/A WEIL-MCLAIN COMPANY, INC.

        s/ Rocky W. Eaton
        COUNSEL FOR SAID DEFENDANTS

Of Counsel:

Rocky W. Eaton, EAT002

Aultman, Tyner, Ruffin & Swetman, Ltd.
315 Hemphill Street
P. O. Box 750
Hattiesburg, MS 39401
Phone:  601-583-2671
Facsimile:  601-583-2677

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 4th day of April, 2008 served a copy of the above and foregoing by electronic means via the CM/ECF to those registered with the CM/ECF.

        s/ Rocky W. Eaton